## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CG3 MEDIA, LLC and COREY GRIFFIN, | Civil Action No. 1:21-cv-04607-MKV |
|         Plaintiffs / Counter-Defendants, | |
|         -v- | |
| BELLEAU TECHNOLOGIES, LLC, | |
|         Defendant / Counter-Plaintiff. | |

### BELLEAU TECHNOLOGIES, LLC'S ANSWER AND COUNTERCLAIMS

Defendant / Counter-Plaintiff Belleau Technologies, LLC, ("Belleau"), by and through its attorneys, hereby answers the Complaint of Plaintiffs / Counter-Defendants CG3 Media, LLC ("CG3 Media") and Corey Griffin ("Griffin") (or together "Counter-Defendants"). Except as specifically admitted, Belleau denies each of the allegations made in the complaint. Belleau alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.      Belleau admits that the Complaint purports to seek declarations of non-infringement and invalidity of United States Patent No. 9,953,646 (the "'646 Patent"). Belleau denies that Complaint pleads a sustainable claim and denies that Counter-Defendants are entitled to such relief.  Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and on that basis denies each and every such allegation.

2.      Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies each and every such allegation.  Belleau expressly denies that it has made any false allegations.

## PARTIES

3.      Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4.      Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies each and every such allegation.

5.      Belleau admits that CG3 Media is the alter ego of Corey Griffin.  Belleau admits that Corey Griffin utilized Belleau's patented technology to develop the Speakflow application. Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and on that basis denies each and every such allegation.

6.      Belleau admits that it is a New York Corporation with a place of business at 3850 Hudson Manor Terrace, #LBE, Bronx, NY 10463.

7.      Belleau admits that it conducts business in the United States, New York State, and in the Southern District of New York.  Belleau admits that it owns the "PromptSmart" line of teleprompter applications.  Belleau admits that it is the owner of the '646 Patent.

## JURISDICTION AND VENUE

8.      Belleau admits that in Paragraph 8 of the Complaint Counter-Defendants purport to plead an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.  Belleau denies that Counter-Defendants' claim is valid.

9.      Belleau admits that in Paragraph 9, the Complaint purports to plead a declaratory judgment action under Title 28, United States Code, §§ 1331 and 1338(a), 2201, and 2202.

Belleau denies that Counter-Defendants' claim is valid.  Belleau admits for the purposes of this particular matter that the Court has subject matter jurisdiction.

10.    Belleau admits that it is a New York corporation with a place of business within this district.  Belleau admits that for the purposes of this particular matter the Court has personal jurisdiction over Belleau.

11.    Belleau admits that it has a place of business within this District.  Belleau admits that for the purposes of this particular matter, venue in this district is proper.

## FACTUAL BACKGROUND

12.    Belleau repeats and restates its responses to Paragraphs 1-11 as if fully set forth herein.

13.    Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies such allegations.

14.    Belleau admits that Speakflow is a teleprompter software application.  Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and on that basis denies each and every such allegation.

15.    Belleau admits that it sent a letter to Griffin on April 27, 2021 alleging infringement by Speakflow and that the letter included the following text: "The Speakflow app is a copycat product that competes with PromptSmart in the same market by misappropriating Belleau's intellectual property (please see below for a screen capture of speakflow.com)." Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and on that basis denies each and every such allegation.

3

16.     Belleau admits that it sent a letter to Griffin on April 27, 2021 and that the letter included the following text: "Belleau demands that you immediately cease the marketing, sale, and distribution of all versions of any Speakflow app which infringe Belleau's '646 Patent. This includes, but is not limited to, immediately shutting down the speakflow.com website, or releasing an update to Speakflow without "Flow" mode (or any other speech-recognition-based scrolling method)." Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint, and on that basis denies each and every such allegation.

17.     Belleau admits that it sent a letter to Griffin on April 27, 2021 and that the letter included the following text: "If we fail to hear from you or if you respond that you do not intend to comply, then we will have no choice but to seek legal and equitable remedies." Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint, and on that basis denies each and every such allegation.

18.     Belleau admits that it sent a letter to Griffin on April 27, 2021 and that the letter included the following text: "After searching the Department of State records of California, Nevada, Arizona, Oregon, and Washington, it is upon information and belief that the CG3 Media, LLC entity put forward on speakflow.com is not an active legal entity, but a pseudonym to mask your personal information from the public while conducting business."  Belleau denies the allegations of Paragraph 18 characterizing the April 27 letter to the extent that they are inconsistent with the April 27 letter itself.  Belleau denies that the April 27 letter contained any falsehoods.  Belleau denies that CG3 Media is a validly operated corporation in compliance with corporate formalities which should be regarded as legally distinct from Griffin.  Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 18 of the Complaint, and on that basis denies each and every such allegation.

19.     Belleau admits that it contends that the '646 Patent is valid and that Counter-Defendants have infringed and continue to infringe the '646 Patent.  Belleau admits that the Complaint purports to seek a declaration of non-infringement and invalidity but denies that the Complaint is valid or sustainable.  Belleau is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and on that basis denies each and every such allegation.

## COUNT ONE

20.     Belleau repeats and restates its responses to Paragraphs 1-19 as if fully set forth herein.

21.     Belleau admits that it notified Counter-Defendants of their infringement of claim 1 of the '646 Patent.

22.     Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies each and every such allegation.

23.     Paragraph 23 is denied.

24.     Belleau is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis denies each and every such allegation.

## COUNT TWO

25.     Belleau repeats and restates its responses to Paragraphs 1-24 as if fully set forth herein.

26.     Paragraph 26 is denied.

## REQUEST FOR RELIEF

Belleau denies that CG3 is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof, and without waiver, limitation or prejudice, Belleau hereby asserts the following affirmative defense:

## First Affirmative Defense  (Failure to State Claim)

The Complaint fails to state a claim upon which relief may be granted against Belleau, and fails to allege sufficient facts.

## COUNTERCLAMS

Counter-Plaintiff Belleau for its complaint against Counter-Defendants Griffin and CG3 Media (collectively "Counter-Defendants) alleges as follows:

## THE PARTIES

1.     Belleau is a New York domestic business corporation with its headquarters at 3850 Hudson Manor Terrace, #LBE, Bronx, NY 10463.

2.     Upon information and belief CG3 Media purports to be a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 2016 W 75th, Los Angeles, CA 90047.

3.     Upon information and belief Griffin is a California resident residing at 2016 W 75th, Los Angeles, CA 90047.

## CG3 IS THE ALTER EGO OF GRIFFIN

4.     Upon information and belief, Griffin is the sole shareholder and director of CG3, an eponymous entity of Griffin.

5.      Upon information and belief, the only contact for CG3 is an email address owned and controlled by Griffin, corey@cg3media.com.

6.      The CG3 Instagram feed contains pictures of Griffin and his family. For example CG3's Instagram account posted a picture of Griffin's then-newborn son.

7.      The CG3 product portfolio, web presence, and social media presence overlap completely with Griffin's personal products, websites (iamcoreyg.com), and social media accounts such as the two are indistinguishable from one another when viewed together.

8.      Upon information and belief, CG3 has no existence separate from Griffin. The products held out as owned by CG3 are in nominal title only, but in fact are owned and controlled by Griffin in his personal capacity and for his sole personal benefit.

9.      Upon information and belief, Griffin regards CG3 as an extension of himself. Griffin has stated that generating revenue for a business allows you "give YOURSELF a promotion" and that if "you make 'just' another 5 or 10k/year . . . you [can] give yourself a 5 or 10k raise," demonstrating the lack of separateness in Griffin's mind between his personal interests and the interests of CG3.

10.     Based on Griffin's statement in the preceding paragraph that "you make 'just' another 5 or 10k/year . . . you [can] give yourself a 5 or 10k raise," Griffin does not treat the funds of CG3 as distinct but rather funnels those funds directly to himself.

11.     Upon information and belief, and based on Griffin's statement that he funnels business revenues directly to himself, CG3 is not adequately capitalized.

12.     Griffin writes about his business, including his Speakflow product in the first person from his personal Twitter account (@iamcoreyg). In March of 2021, Griffin said "So I launched my business earlier this year and I'm trying to get it off the ground. Can you retweet this for me?"

13.     Upon information and belief, Griffin incorporated CG3 for the first time in Delaware in January of 2020. Griffin has been offering his products and his personal services using the CG3 Media name, however, at least as early as 2015 and likely earlier.

14.     Upon information and belief, CG3 does not observe corporate formalities or keep contemporaneous records documenting the legal assignment of any of the apps Griffin has personally developed between 2018 and the present, such as hypelink.co, dine.black, or Speakflow.

15.     Upon information and belief, Griffin held out CG3 to the public as a company at least throughout 2019 (when Griffin launched teleprompt.me), but CG3 did not have even a nominal legal existence separate from Griffin until at least January of 2020 when a CG3 was first incorporated in Delaware.

16.     Griffin posted a comic strip meme on his @iamcoreyg Twitter account which advised, in sum and substance, that pretending is a way to achieve what one desires. Replying to himself, Griffin writes "Basically this, but in every area of life." Based on information and belief, Griffin has a desire to run a business, or at least have the appearance of such, and has admitted to a willingness to pretend to be what one is not.

17.     Griffin's decision to personally seek judgment as a declaratory judgment plaintiff in the instant declaratory judgment suit regarding infringement by the Speakflow product is further evidence that CG3 is not a distinct entity from Griffin but rather his alter-ego.

18.     Upon information and belief, CG3 is the alter-ego of Griffin because of his complete domination and control of CG3, because of the lack of separateness between Griffin and CG3, because of Griffin's own admissions that he funnels CG3 revenue directly to himself, because of Griffin's intermingling of personal and CG3 assets, because of CG3's inadequate capitalization, because of Griffin's failure to adhere to corporate formalities, and because of

Griffin's wrongful conduct, including, but not limited to, the fraudulent assignment of assets like teleprompt.me and Speakflow to CG3 with the wrongful intent of saddling CG3 with liability for Griffin's prior wrongdoing.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

20.      Upon information and belief and the facts recited herein, CG3 is the alter ego of Griffin.  Accordingly, based on information and belief Griffin is subject to this Court's jurisdiction and venue for any acts by CG3.

21.     This Court has personal jurisdiction over Griffin and CG3 at least because they have availed themselves of the Court's jurisdiction with their Complaint, and also because, upon information and belief, they do business and have committed acts of infringement in the United States and within this judicial district.

22.     Griffin and CG3 have consented to venue in this Court by filing their Complaint against Belleau in this district and thus venue for Belleau's counterclaims are proper in this district. Further, upon information and belief, Counter-Defendants have committed acts of infringement in this district.

## NATURE OF THE ACTION

23.     This is a civil action for injunctive relief and damages arising under the patent act (35 U.S.C. § 1 et seq.).

## PRELIMINARY STATEMENT

24.     This is an action to enforce and protect Belleau's valuable intellectual property rights.  On April 24, 2018, the United States Patent and Trademark Office (the "PTO") duly and

legally issued U.S. Patent No. 9,953,646 ("the '646 Patent"), entitled "Method and System for Dynamic Speech Recognition and Tracking of Prewritten Script." Belleau sells software embodying the patented method and is the leading provider of teleprompter applications (or "apps").

25.     Belleau's invention changed the market for teleprompter apps and Belleau's success comes in large part from selling apps that utilize the technology of the '646 Patent. Belleau "VoiceTrack" technology dynamically adjusts the position of the text on a screen by using speech recognition and accompanying algorithms. Belleau's PromptSmart line of branded products incorporates VoiceTrack patented technology.

26.     Counter-Defendants are together a direct competitor of Belleau and have utilized Belleau's patented technology, distributing and offering for sale knock-off versions of Belleau's patented PromptSmart app on Counter-Defendants' website, speakflow.com.

27.     Griffin and CG3, seeking Belleau's success for themselves, willfully infringed the '646 Patent by developing and offering for sale competing apps that embody Belleau's patented scrolling method without permission from Belleau. Griffin and CG3 should be enjoined from further unlawful acts and Belleau should be awarded money damages for all prior acts of infringement.

## THE PATENT-IN-SUIT

28.     The '646 Patent was filed on September 2, 2015 and issued on April 24, 2018. A true and correct copy of the '646 Patent is attached as Exhibit A.

29.     The '646 Patent names Eric Sadkin, Lakshmish Kaushik, Jasjeet Gill, and Etay Luz as inventors.

30.     Belleau is presently the exclusive owner by assignment of the '646 Patent and possesses all rights of recovery under the '646 Patent, including the right to sue and the right to recover damages for infringement of claims of the '646 Patent.

31.     The '646 Patent solves technical problems in the fields of teleprompting, television, film, internet video production, and public speaking by making the scrolling of any pre-written text "smart" by automatically discerning whether a speaker is uttering the content of the text, and then scrolling or stopping the text accordingly on a visual display.  Belleau has incorporated this scrolling system into several commercially successful software products utilizing Voice Track technology.  VoiceTrack is innovative and useful to consumers because it automates a scrolling process which previously required additional human capital, manual controls, or even less desirable scrolling alternatives such as a pre-set, constant scroll speed.

32.     The '646 Patent contains four independent claims numbered 1, 12, 15, and 18.

33.     In way of example, Claim 1 of the '646 Patent recites:

A computer-implemented method for dynamically presenting a prewritten text in a graphical user interface comprising

a) receiving a text artifact, said text artifact containing a plurality of artifact words;

b) storing, via a processor, said text artifact in a memory device of a computer;

c) retrieving, via said processor, said text artifact;

d) displaying said text artifact on the display screen of said computer;

e) receiving a vocal input;

f) generating, via said processor, a text file representing the words spoken in said vocal input, said text file containing a plurality of hypothesis words;

g) comparing, via said processor, a predetermined number of said hypothesis words to a predetermined number of said artifact words;

h) determining a match location in said text artifact where a specific number of said predetermined number of hypothesis words match a specific number of said predetermined number of artifact words;

i) altering, via said processor, the display on said display screen to display said match location on said display screen of said computer;

j) determining, via said processor, the font size of the text of said text artifact as displayed on said display screen;

k) determining, via said processor, the orientation of the electronic screen displaying the text of the text artifact;

l) altering, via said processor, said predetermined number of artifact words utilized for comparing to said predetermined number of hypothesis words.

### Griffin and CG3's Acts of Infringement

34.     Belleau has established itself as the leading provider of mobile teleprompter apps, due in large part to the effective commercialization VoiceTrack, which dynamically adjusts the position of the text on the screen by using speech recognition and accompanying algorithms.

35.     For years, Belleau rightly enjoyed the exclusivity of having invented a new, useful, and unconventional method of scrolling the text of a teleprompter. Griffin, without permission or authority from Belleau, has made and is distributing, marketing, and offering for sale an infringing copy-cat product called Speakflow within the United States.

36.     For those looking to buy teleprompter software, VoiceTrack smart scrolling is the primary differentiating factor in the minds of consumers.

37.     Upon information and belief, Griffin developed Speakflow and a previous version of Speakflow called teleprompt.me.

38.     On or about late 2018 and early 2019, prior to offering teleprompt.me to the public, Griffin downloaded Belleau's PromptSmart app for his personal use and was one of Belleau's customers.

39.     At this time the teleprompt.me app was free and limited to only Chrome browsers. In February of 2019, when users began complaining on Twitter about this browser limitation, Griffin responded by stating that teleprompt.me was "not a business."

40.     At some point between February 2019 and early 2021, Griffin's intentions for teleprompt.me changed and, as Griffin stated "rebuilt and launched a [software-as-a-service] version of teleprompt.me."

41.     Griffin has called the Speakflow app "teleprompt.me 2.0".

42.     Counter-Defendants have positioned Speakflow in the market similarly to how Belleau positions its PromptSmart apps, representing to the public that Speakflow is "smart, voice-activated teleprompter software" and that "with Flow mode, the page will scroll automatically using speech recognition."

43.     According to the speakflow.com website, the Speakflow app requests microphone access and uses speech recognition to show the user in real time which words on the display have been "heard" by the application, and follows along with the user as the script is being read. An example and description from the Speakflow website is shown below.



44.      Upon information and belief the Speakflow application performs every step recited in at least claim 1 of the '646 Patent.

45.      Griffin is currently employed by Shopify Inc., as a computer programmer and web developer. Griffin claims ownership and control of Speakflow on his personal Twitter page (@iamcoreyg).

46.      Counter-Defendants have positioned the Speakflow app as a direct competitor with PromptSmart that is targeted to the same customers and for the same purpose: to facilitate video production and public speaking by using a teleprompter that scrolls automatically with the speaker's voice. According to speakflow.com, "Speakflow is an application that runs on your website browser. There's nothing to download to your computer, phone or tablet. In short, you can create an account, create scripts, and use our teleprompter to help you give speeches, record

video content, and more. With Flow mode, the page will scroll automatically using speech recognition. It's not magic, but it kinda feels like it."

47.     Counter-Defendants host speakflow.com from a US IP address *via* Google LLC as a registrar. Any US person with access to the internet and a web browser can go to speakflow.com and infringe Belleau's patent.

<strong><u>PRE-SUIT NOTICE OF THE '646 PATENT</u></strong>

48.     On April 27, 2021, Belleau sent Griffin a cease and desist letter via email, demanding that Counter-Defendants immediately cease and desist all marketing, sale, and distribution of the Speakflow application as a result of Counter-Defendants' infringement of the '646 Patent, or to remove "Flow" mode from Speakflow.  A true and correct copy of the April 27, 2021 letter is attached hereto as Exhibit B.

49.     On April 28, 2021, a hard copy of the cease and desist letter and the '646 Patent was mailed to Griffin's last-known address via USPS priority mail.

50.     Counter-Defendants received and were aware of Belleau's April 27, 2021 letter and its contents.

51.     After receiving Belleau's cease and desist letter, Griffin's public Twitter account was locked so that only approved followers could see his tweets.

52.     Griffin's Twitter account remained locked until approximately May 4, 2021.

53.     Of the updates to Griffin's account that have occurred since May 4, 2021, one of them was to remove the pinned tweet relating to Speakflow and to replace it with a video of a weightlifter doing bicep curls. Griffin says about the video "Me talking to my company" and in the video the weightlifter can be heard saying the following: "I demand you to grow. You must grow. I'm the boss mother-f****. I tell you what to do you don't tell me. I tell your ass to grow."

54.     Before Griffin locked his account, he took an approach to entrepreneurship to "build in public" and was very active on Twitter with over 9,800 tweets and replies. Griffin's account, therefore, contains substantial evidence, including, but not limited to, documenting his various business ventures, including Speakflow; requesting help with Speakflow from other Twitter users; disclosing graphs and figures about new customer growth of Speakflow; further disclosing business metrics like revenue growth and churn percentages of Speakflow; and other writings relevant to his state of mind.

### FIRST CAUSE OF ACTION AS TO ALL COUNTER-DEFENDANTS
### PATENT INFRINGEMENT (35 U.S.C. § 271)

55.     Belleau repeats and re-alleges the allegations in Paragraphs 1-54 as if fully set forth herein.

56.     The infringing Speakflow app includes speech recognition to show the user which words from a pre-written script have been "heard" by the application, and following along with the user as the script is being read. Upon information and belief the Speakflow app infringes at least claim 1 of the '646 Patent.

57.     Counter-Defendants have been directly infringing the claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the Speakflow app within the United States, without license from Belleau.

58.     Upon information and belief, Counter-Defendants induced infringement of the '646 patent under 35 U.S.C. § 271(b) by intentionally encouraging, contributing to, or otherwise inducing their customers within the United States to use the infringing Speakflow App.  Since at least April 27, 2021 and again with the filing of this counterclaim, Counter-Defendants have had knowledge of the '646 patent, and by continuing the actions described in this paragraph, have

16

had specific intent to induce infringement of one or more claims of the '646 Patent pursuant to 35 U.S.C. § 271(b).

59.     Upon information and belief, Counter-Defendants have committed contributory infringement of one or more claims of the '646 Patent under 35 U.S.C. § 271(c) by knowingly selling products within the United States, including at least the Speakflow App, that are material parts of the invention of the '646 patent, especially adapted for use in infringement of the '646 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. Counter-Defendants have had knowledge, since at least April 27, 2021 and again with the filing of this counterclaim, of the '646 patent and by knowingly continuing the actions described in this paragraph, have committed contributory infringement of at least one or more claims of the '646 Patent.

60.     Counter-Defendants have had knowledge of the '646 Patent since at least April 27, 2021 and again through the filing of this counterclaim.  Counter-Defendants' infringement of the '646 Patent have been and continues to be willful, deliberate, and egregious, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Counter-Defendants' actions continue despite an objectively high likelihood that they constitute infringement of the '646 Patent.  Counter-Defendants either know or should have known about their risk of infringing the '646 patent. Counter-Defendants' conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities.

61.     With the addition of the infringing Speakflow app, the market for teleprompter apps has been further saturated, undercutting the exclusivity Belleau currently enjoys because of its '646 Patent and goodwill thereto.

62.     As a direct and proximate consequence of Counter-Defendant' willful infringement, directly or indirectly, of one or more claims of the '646 Patent, Counter-

Defendants have deprived Belleau of revenues that it otherwise would have made or cause to be made and in other respects has injured Belleau and will cause Belleau additional injury unless preliminarily and permanently enjoined by this Court.

63.     Belleau will suffer irreparable harm if this Court does not enjoin the Counter-Defendants from the above-described acts of infringement.

## REQUEST FOR RELIEF

**WHEREFORE,** Defendant/Counter-Plaintiff seek judgment awarding the following relief:

A.     Enter a finding and judgment that Counter-Defendants' have willfully infringed the '646 Patent and award to Belleau an amount to be ascertained an in amount adequate to compensate Belleau for Counter-Defendants' infringement including but not limited to, lost profits, but in no event less than a reasonable royalty for the use made of the invention by Counter-Defendants, such amount being increased three times, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

B.     Preliminarily and/or permanently enjoin Counter-Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, from any conduct that infringes, directly or indirectly, the '646 Patent, including making, using, selling, distributing, marketing, testing, or offering to sell the Speakflow product (or any other infringing software product), without the express written authority of Belleau; and

C.     Declare this case exceptional under 35 U.S.C. § 285 and award Belleau its reasonable attorneys fees;

D.     Enter a finding that CG3 is the alter-ego of Griffin and that each of Griffin and

CG3 is personally liable, jointly and severally, for all damages suffered by Belleau;

      E.      Reverse and unwind any fraudulent or improper transfers made between Counter-Defendants at any relevant time;

      F.      Awarding any other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Defendant/Counter-Plaintiff Belleau Technologies, LLC demands a trial by jury on all issues triable by a jury.

Dated: July 13, 2021                         Respectfully submitted,
       New York, New York.


                                             By: */s/ Etai Lahav*     

                                             Etai Lahav
                                             **RADULESCU LLP**
                                             5 Penn Plaza, 19th Floor
                                             New York, NY 10001
                                             Tel. 646-502-5950
                                             Fax. 646-502-5959
                                             Email: etai@radip.com

                                             ***Attorneys for Defendant/Counter-Plaintiff***