IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CG3 MEDIA, LLC and COREY GRIFFIN,<br><br>  Plaintiffs,<br><br>  v.<br><br>BELLEAU TECHNOLOGIES, LLC,<br><br>  Defendant. | Civil Action No. 1:21-cv-04607-MKV<br><br>JURY TRIAL DEMANDED |

## CG3 MEDIA, LLC AND COREY GRIFFIN'S ANSWER TO COUNTERCLAIMS

CG3 Media, LLC ("CG3 Media") and Corey Griffin ("Griffin") (collectively "Counter-Defendants") file this Answer to Belleau Technologies, LLC's ("Belleau" or "Counter-Plaintiff") Counterclaim Complaint ("Counterclaims") and in response to Belleau's Counterclaims show as follows:

### COUNTERCLAIMS[1]

### THE PARTIES

1.  With respect to paragraph 1 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

2.  Admitted.

3.  Admitted.

4.  Admitted that Griffin is a shareholder and director of CG3 Media. The rest of paragraph 4 contains attorney characterizations/arguments to which no response is required.

---

[1] The headings and titles repeated herein are taken from Counter-Plaintiff's counterclaim pleading and are included in Counter-Plaintiffs' answer to those counterclaims for purposes of clarity only. To the extent any allegations are separately made by Counter-Plaintiff in those headings or titles, those allegations, including any characterizations contained or implied in any of those headings or titles in the Counterclaims, are denied.

5. Admitted.

6. To the extent averments in paragraph 6 are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff.

7. Denied.

8. Denied.

9. To the extent the statements purportedly made by Griffin are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff. Counter-Defendants deny the remainder of the allegations and/or legal conclusions contained in paragraph 9.

10. Denied.

11. Paragraph 11 contains legal conclusions to which no response is required. The remainder of paragraph 11 is denied.

12. To the extent the statements purportedly made by Griffin are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff. Counter-Defendants deny the remainder of the allegations and/or legal conclusions contained in paragraph

13. Admitted that Griffin incorporated CG3 in Delaware in January of 2020. Counter-Defendants deny the remainder of the allegations/characterizations made by Counter-Plaintiff.

14. Denied.

15. Denied.

16. To the extent the Twitter postings and/or statements purportedly made by Griffin are in fact accurate, Counter-Defendants deny Counter-Plaintiff's interpretation of these statements and any legal implications implied by Counter-Plaintiff. Counter-Defendants deny the remainder of the allegations and/or legal conclusions contained in paragraph 16.

17. Denied.

18. Denied.

## JURISDICTION AND VENUE

19. Admitted.

20. Paragraph 20 contains legal conclusions to which no response is required. Counter-Defendants deny the remainder of the allegations contained in paragraph 20.

21. Counter-Defendants admit that the Court has personal jurisdiction over Griffin and CG3 Media. Counter-Defendants deny the remainder of the allegations contained in paragraph 21.

22. Counter-Defendants admit that they have consented to venue in this Court. Counter-Defendants deny the remainder of the allegations contained in paragraph 22.

## NATURE OF THE ACTION

23. Paragraph 23 contains legal conclusions to which no response is required.

## PRELIMINARY STATEMENT

24. With respect to paragraph 24 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

25. With respect to paragraph 25 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

26. Denied.

27. Denied.

## THE PATENT-IN-SUIT

28. With respect to paragraph 28 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

29. With respect to paragraph 29 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

30. With respect to paragraph 30 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

31. With respect to paragraph 31 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

32. With respect to paragraph 32 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

33. With respect to paragraph 33 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

34. With respect to paragraph 34 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

35. Denied.

36. With respect to paragraph 36 of the Counterclaims, Plaintiffs are without sufficient information to admit the same and therefore denies the allegations therein.

37. Denied.

38. Admitted that Griffin tried out Belleau's PromptSmart Lite free app for his personal use.

39. To the extent the statement purportedly made by Griffin is in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff. Counter-Defendants deny the remainder of the allegations and/or legal conclusions contained in paragraph 39.

40. To the extent the statement purportedly made by Griffin is in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff. Counter-Defendants deny

the remainder of the allegations and/or legal conclusions contained in paragraph 40.

41. To the extent the statement purportedly made by Griffin is in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 41.

42. To the extent the statements purportedly made by Counter-Defendants are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 42.

43. To the extent the statements attributed to the Speakflow.com website are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 43.

44. Denied.

45. Admitted that Griffin is currently employed by Shopify, Inc., as a software engineer. To the extent the statements attributed to Griffin's Twitter page are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 45.

46. To the extent the statements attributed to the Speakflow.com website are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 46.

47. Admitted that Speakflow.com is hosted from a US IP address via Google LLC as a registrar. Counter-Defendants deny the remainder of the allegations contained in paragraph 47.

**PRE-SUIT NOTICE OF THE '646 PATENT**

48. Counter-Defendants admit that Belleau sent Griffin a cease and desist letter via email. To the extent the remainder of the allegations contained in paragraph 48 were in fact made in the cease and desist letter, Counter-Defendants deny any legal implications implied by Counter-Plaintiff.

49. With respect to paragraph 49 of the Counterclaims, Counter-Defendants are without sufficient information to admit the same and therefore denies the allegations therein.

50. Admitted.

51. To the extent Counter-Plaintiff's allegations relating to Griffin's Twitter account are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 51.

52. To the extent Counter-Plaintiff's allegations relating to Griffin's Twitter account are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 52.

53. To the extent Counter-Plaintiff's allegations relating to Griffin's Twitter postings are in fact accurate, Counter-Defendants deny any legal implications implied by Counter-Plaintiff in paragraph 53.

54. Denied.

### FIRST CAUSE OF ACTION AS TO ALL COUNTER-DEFENDANTS' PATENT INFRINGEMENT (35 U.S.C. § 271)

55. The allegations contained in paragraph 55 require no response. To the extent a response is required, the allegations of paragraph 55 are denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted that Counter-Defendants have had knowledge of the '646 Patent since April 27, 2021. Counter-Defendants deny the remainder of the allegations contained in paragraph 60.

61. Denied.

62. Denied.

63. Denied.

## REQUEST FOR RELIEF

64. In response to the allegations contained in the non-numbered section of the Counterclaims titled "Request for Relief," including subparts A. through F., wherein Counter-Plaintiff states the relief it seeks by way of the Counterclaims, Counter-Defendants deny that Counter-Plaintiff is entitled to recover any relief whatsoever against Counter-Defendants in this action, either as set forth in the "Request for Relief" section of the Counterclaims, including all subparts, or as otherwise requested in the Counterclaims. To the extent that Counter-Plaintiff's request for relief incorporates any other allegations set forth in the Counterclaims, Counter-Defendants repeat and expressly incorporate their responses to those prior paragraphs and, except as expressly admitted in any previous response, Counter-Defendants deny each and every factual allegation contained in the Counterclaims.

## DEMAND FOR JURY TRIAL

65. In response to the non-numbered paragraph of the Counterclaims titled "Demand for Jury Trial," Counter-Defendants state that Counter-Plaintiff's request for a jury trial does not require an admission or denial. Counter-Defendants have also demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable. To the extent that any allegations are included in Counter-Plaintiff's jury demand, Counter-Defendants deny these allegations.

## AFFIRMATIVE AND OTHER DEFENSES

66. Further answering the allegations contained in Counter-Plaintiff's Counterclaims,

Counter-Defendants restate and incorporate their responses to all foregoing paragraphs as set forth above as though fully set forth and repeated herein and, without assuming any burden that Counter-Defendants would not otherwise have in defending against the claims for relief and defenses alleged by Counter-Plaintiff's Counterclaims and without admitting or acknowledging that Counter-Defendants bear the burden of pleading, the burden of coming forward with evidence, or the ultimate burden of proof on any issue that would otherwise rest on Counter-Plaintiff, separately assert the following affirmative defenses, denials, pleas in bar, matters of avoidance or other defenses in reply:

67. Counter-Defendants state that Counter-Plaintiff has failed to state a claim upon which relief can be granted.

68. Counter-Defendants state that the claims of the '646 Patent are not infringed or indirectly infringed, nor have Counter-Defendants contributed to or induced infringement of any valid or enforceable claim of the '646 Patent either literally or under the doctrine of equivalents, nor have Counter-Defendants otherwise committed any acts in violation of 35 U.S.C. § 271, willfully or otherwise. Counter-Plaintiff has not met its burden of proof to show infringement of any of the claims of any of its Patent-in-Suit, and will be unable to meet its burden of proof to show infringement of any of the Patent-in-Suit.

69. Counter-Defendants state that the claims of the '646 Patent are invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and or 112 and of any other applicable statutory provision or judicially created doctrines of invalidity.

70. The asserted claims of the Patent-in-Suit are limited by the text of the Patent-in-Suit, its prosecution history, and/or the prior art such that Counter-Plaintiff is estopped or otherwise precluded from asserting that Counter-Defendants have infringed, directly or indirectly, any claim of the Patent-in-Suit, either literally or under the doctrine of equivalents.

71. Counter-Defendants state that this is not an "exceptional" case within the meaning of 35 U.S.C. § 285.

72. Counter-Defendants state that CG3 Media is not the alter ego of Griffin and that each of Griffin and CG3 Media is not personally liable, jointly or severally, for any damages allegedly suffered by Belleau.

73. Counter-Defendants state that transfers made between Counter-Defendants at any time were proper and not fraudulent.

74. Counter-Defendants state that Counter-Plaintiff is not entitled to equitable relief as its remedies at law, if any exist, are adequate, and Counter-Plaintiff cannot show that it has suffered or will suffer any immediate or irreparable harm from Counter-Defendants' actions.

## **RESERVATION OF RIGHTS**

75. In addition to the defenses set forth above, Counter-Defendants expressly reserve the right to amend or supplement their Answer to Counter-Plaintiff's Counterclaims in order to allege or assert any additional defenses or affirmative defenses or add further claims under the Federal Rules of Civil Procedure or the applicable substantive law, and to assert any other matters of defense, either at law or in equity, that may now exist or that may become known or available in the future in the event that further investigation indicates that such defenses would be appropriate to assert. Counter-Defendants further expressly reserve the right to delete or withdraw

any previously asserted defenses or affirmative defenses as may become necessary during the course of the litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Defendants respectfully demand judgment against Counter-Plaintiff dismissing the Counterclaims in their entirety and for such other relief, not inconsistent herewith, as may be just, equitable, proper, together with the costs and attorneys' fees of this action.

Dated: August 3, 2021

                          Respectfully submitted,

                          /s/ Dariush Keyhani
                          Dariush Keyhani (DK-9673)
                          Keyhani LLC
                          1050 30th Street NW
                          Washington, DC 20007
                          Telephone: (202) 748-8950
                          Fax: (202) 318-8958
                          dkeyhani@keyhanillc.com
                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document, CG3 Media, LLC and Corey Griffin's Answer to Counterclaims, via the Court's CM/ECF system on August 3, 2021.

/s/ Anya Engel
Anya Engel
