# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

August 13, 2021

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Court for the Southern District Of New York
40 Foley Square
New York, NY 10007

    Re:    *CG3 Media, LLC and Corey Griffin* v. *Belleau Technologies, LLC,* Civil Case No. 1:21-cv-04607-MKV

Dear Judge Vyskocil:

Pursuant to the Court's July 14, 2021 Order (Dkt. No. 10), Declaratory Judgment Plaintiffs/Counter-Defendants CG3 Media, LLC and Corey Griffin (collectively "Plaintiffs") and Defendant /Counter-Plaintiff Belleau Technologies, LLC, ("Belleau" or "Defendant") respectfully submit this joint letter providing the following requested information.

1. **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important in the case.**

This patent infringement action involves U.S. Patent No. 9,953,646 (the "'646 Patent").

Plaintiffs' Contentions

Plaintiff CG3 Media is the owner of the Speakflow product, an online teleprompter Application. Plaintiff Corey Griffin is the founder of CG3 Media and the developer of the Speakflow application. Plaintiffs seek a determination that CG3 Media and Griffin do not infringe any valid or enforceable claim of the '646 Patent and that the claims of the '646 Patent are invalid, unpatentable, and unenforceable.

Plaintiffs assert that they have not infringed and do not infringe any valid and enforceable claim of the '646 Patent literally, directly, indirectly, willfully, or under the doctrine of

equivalents. Plaintiffs contend that Defendant has not met its burden of proof to show infringement of any of the claims of any of the '646 Patent and will be unable to meet its burden of proof to show infringement. Plaintiffs further maintain that the claims of the '646 Patent are invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and or 112.

Plaintiffs deny that CG3 Media is the alter ego of Griffin or that Griffin and CG3 Media are personally liable, jointly or severally, for any damages allegedly suffered by Defendant.

Defendant's Contentions

Belleau makes and sells the commercially successful PromptSmart line of teleprompter applications which utilize Belleau's patented technology to automatically scroll teleprompter text. Belleau alleges that Plaintiffs' competing SpeakFlow application infringes the '646 Patent and Plaintiffs have committed direct, contributory, and induced infringement. Belleau seeks reasonable royalties and lost profits for Plaintiffs' infringement. Belleau also contends that Plaintiffs' infringement has been willful and seeks a trebling of damages for willful infringement. Belleau notified Plaintiffs of their infringement through an April 27, 2021 letter, which included a preliminary claim chart.

Belleau also contends that Plaintiff CG3 is the alter-ego of Plaintiff Corey Griffin for the reasons set forth in greater detail in Belleau's infringement counterclaims (Dkt. 9 at ¶¶4-18) and that CG3 and Corey Griffin should be held jointly and severally liable for their infringement.

Belleau has denied the allegations of non-infringement and invalidity in Plaintiffs' Complaint and denies that the claims of the '646 Patent are invalid under any of the grounds identified by Plaintiffs or any other ground.

Major Legal and Factual Issues

At this time, the parties understand that the principal disputed factual issues will relate to infringement, validity, damages, willfulness, and Belleau's alter-ego allegations. The issues surrounding infringement and validity may include both legal and factual components. In addition, a major legal issue will be claim construction.

2. **A brief statement by plaintiff or by the defendant in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue.**

Plaintiffs' Contentions

This Court has subject matter jurisdiction under Title 28, United States Code, §§ 1331 and 1338(a), 2201, and 2202. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400 because Defendant's principal place of business is within this District.

Plaintiffs do not challenge subject matter jurisdiction or venue with respect to Defendant's counterclaim.

Defendants Contentions

Belleau does not challenge personal jurisdiction, subject matter jurisdiction, or venue with respect to Plaintiffs' declaratory judgment claims.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to Belleau's infringement counterclaims under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

This Court has personal jurisdiction over Griffin and CG3 at least because they have availed themselves of the Court's jurisdiction with their Complaint, and also because, upon information and belief, they do business and have committed acts of infringement in the United States and within this judicial district. Griffin and CG3 have consented to venue in this Court by filing their Complaint against Belleau in this district and thus venue for Belleau's counterclaims are proper in this district. Further, upon information and belief, Counter-Defendants have committed acts of infringement in this district.

3. **A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the status conference.**

Plaintiffs' Contentions

No motions have been made or decided, and there are no motions currently pending. Plaintiffs do not intend to file any motions at this time but may elect to do so during the course of claim construction, discovery, and as becomes necessary as the case proceeds.

Plaintiffs oppose Defendant's proposed changes to the schedule terms and believe that the parties should follow the Court's Patent Case Management Plan and Scheduling Order. The Court's management plan and scheduling order is thoughtful, fair to all parties, and resulted from deliberations that took into account policy concerns and the competing interests of various constituents. Counsel for plaintiffs have relied on the Court's plan and order in preparing their case and advising their clients. The instant case is straightforward and not out of the ordinary as far as patent cases go—it involves infringement of one patent and one

3

system, and there are no special circumstances that justify deviating from the Court's plan and order. It appears that Defendant is merely attempting to gain an advantage by requiring Plaintiffs to disclose prematurely their documents, source code, and positions, and Plaintiffs ask that the Court reject such gamesmanship.

Defendant's Contentions

No motions are currently pending. Aside from what arises in due course during discovery, claim construction briefing, or dispositive motion practice, Belleau does not presently intend to file any motions.

At the status conference, Belleau intends to raise the merits of its proposed schedule terms, which are being filed with the Parties' Case Management Report and Scheduling Order. Belleau's proposals in the Case Management Report call for the early production of technical documents and the disclosure of infringement and invalidity claim charts before claim construction. Belleau contends that these more detailed disclosures will allow for more effective joining of the issues and earlier resolution of the dispute between the parties. *See e.g. Case Management Issues from the Judicial Perspective*, WG10 Commentary on Patent Litigation Best Practices, The Sedona Conference, 2014 at p. 4. ("Courts should require the parties to disclose information and produce documents that are likely to be central to the merits of the parties' dispute over liability and thus would be likely to enhance the success of early mediation" and suggesting early production of technical documents and infringement and invalidity claim charts.).[1]

4.  **A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future.**

Plaintiffs' Contentions

Plaintiffs intend to serve discovery requests and interrogatories over the next few weeks regarding the file history of the '646 Patent, Defendant's conception and/or reduction to practice of the invention, prior art searches, Defendant's correspondences with Plaintiffs and third parties regarding the technology of the '646 Patent and any alleged infringement of the '646 Patent, Defendant's infringement contentions, documents relating to any alleged damages (e.g., licenses and documents concerning offers to sell and sales of the invention), and subject matter related to the claims and defenses asserted in this case.

Defendant's Contentions

On August 5, 2021, Belleau served requests for production and interrogatories on Plaintiffs. Belleau anticipates that the scope of discovery will encompass the factual and legal issues identified in Section 1 above (such as the structure, function, and operation of the accused

---

[1] Accessible at: https://thesedonaconference.org/sites/default/files/commentary_drafts/Chapter%25206%2520-%2520Case%2520Management%2520Issues%2520from%2520the%2520Judicial%2520Perspective_0.pdf

product), and the requested relief (such as relevant financial information and awareness of the '646 Patent), including related, ancillary, and subsidiary factual and legal issues and matters and Belleau's alter-ego allegations.

5. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

Plaintiffs' Contentions

Pursuant to the Court's Order (Dkt. No. 10), the parties met and conferred to discuss the possibility of settlement. Plaintiffs are open to further settlement discussions but do not currently seek a settlement conference.

Defendant's Contentions

The parties met and conferred to discuss the possibility of settlement pursuant to the Court's Scheduling Order (Dkt. No. 10). Belleau remains open to further settlement discussions but does not seek a settlement conference at this time.

6. **Any other information that the parties believe may assist this Court in resolving the action.**

At this time, the parties are not aware of any additional information that my assist the Court in resolving the action.

Counsel for the Parties:

| | |
|---|---|
| /s/ *Dariush Keyhani* | /s/ *Etai Lahav* |
| Dariush Keyhani (DK-9673) | Etai Lahav |
| **Keyhani LLC** | Bryon Wasserman (pro hac vice forthcoming) |
| 1050 30th Street NW | **RADULESCU LLP** |
| Washington, DC 20007 | 5 Penn Plaza, 19th Floor |
| Telephone: (202) 748-8950 | New York, NY 10001 |
| Fax: (202) 318-8958 | 646-502-5950 |
| dkeyhani@keyhanillc.com | etai@radip.com |
| | bryon@radip.com |
| ***Attorneys for Plaintiff/Counter-Defendant CG3 Media, LLC and Corey Griffin, LLC*** | ***Attorneys for Defendant/Counter-Plaintiff Belleau Technologies LLC*** |