**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____8/24/2021____

CG3 MEDIA, LLC and COREY GRIFFIN,

        Plaintiffs / Counter-Defendants,

        -v-

BELLEAU TECHNOLOGIES, LLC,

        Defendant / Counter-Plaintiff.

Civil Action No. 1:21-cv-04607-MKV

**PATENT CASE MANAGEMENT
PLAN AND SCHEDULING ORDER**

MARY KAY VYSKOCIL, United States District Judge:

        Declaratory Judgment Plaintiffs and Counter-Defendants CG3 Media, LLC and Corey Griffin (collectively "Plaintiffs") and Defendant /Counter-Plaintiff Belleau Technologies, LLC, ("Belleau"), ("Defendant") hereby propose the following schedule for this matter. The parties have attached to this proposed scheduling order a table summarizing their respective positions.

1.      The parties shall file a proposed joint protective order covering the treatment of confidential information no later than:

      ~~**Plaintiffs' and Defendant's Proposal:**~~ **September 10, 2021**

2.      Any party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" and other items required by Local Patent Rules 6 and 9 of the Southern District of New York no later than:

      ~~**Plaintiffs' Proposal:**~~ **October 8, 2021** ~~(45 days after the Initial Scheduling Conference). Plaintiffs' position is that the parties use the timeline specified in the Court's Patent Case Management Plan and Scheduling Order, and Plaintiffs have calculated all deadlines in accordance with this plan.~~

      ~~**Defendant's Proposal:** Defendant proposes that Plaintiffs must produce all source code and technical documents relating to the structure, operation, and function of the products accused of infringement in this matter no later than **September 30, 2021**. Defendant must produce its Disclosure of Asserted Claims and Infringement Contentions no later than **October 28, 2021**. Under Defendant's Proposal, the Disclosure of Asserted Claims and Infringement Contentions will include, in addition to the disclosures required by the Local Rules, claim charts identifying where each element of each asserted claim is found within each product accused of infringement.~~

3.      Any party seeking a declaratory judgement that a patent is not infringed, is invalid, or is unenforceable must serve upon all parties its "Invalidity Contentions" required by Local Patent Rules 7, 8, and 9 of the Southern District of New York no later than:

~~Plaintiff's Proposal:~~ **October 8, 2021** (45 days after the Initial Scheduling Conference, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

~~Defendant's Proposal~~: ~~Defendant proposes that Plaintiff must produce its Invalidity Contentions by~~ ~~**October 28, 2021**~~. ~~Defendant proposes that the disclosure of Invalidity Contentions should include, in addition to the disclosures required by the Local rules:~~

~~(a) limitation-by-limitation claim charts identifying where specifically in each alleged item of prior art each element of each asserted claim is found; (b) for contentions of obviousness, an explanation of motivation to combine the identified references; and (c) a detailed statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2)/112(b), enablement or written description under 35 U.S.C. § 112(1)/112(a), or non-statutory patent matter under 35 U.S.C. §101, or any other basis.~~

4.      Any party opposing a claim of patent infringement must serve upon all parties its "Invalidity Contentions" required by Local Patent Rules 7 and 9 of the Southern District of New York no later than:

~~Plaintiffs' Proposal:~~ **November 22, 2021** (45 days after Disclosure of Asserted Claims and Infringement Contentions, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

~~Defendant's Proposal: See paragraph 3,~~ ~~which sets forth the deadline for parties that have filed actions seeking declaratory judgment of invalidity.~~

5.      The parties shall exchange proposed terms of claim elements for construction by:

~~Plaintiffs' and Defendant's Proposal:~~ **December 2, 2021** (10 days after No. 4, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

6.      The parties shall exchange preliminary claim construction and extrinsic evidence by:

~~Plaintiffs' and Defendant's Proposal:~~ **December 22, 2021** (20 days after No. 5, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

7.      The parties shall jointly file a Joint Disputed Claim Terms Chart as provided in Local Patent Rule 11 of the Southern District of New York on or before:

~~Plaintiffs' and Defendant's Proposal:~~ **January 21, 2022** (60 days after No. 4, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

8.      The parties shall complete all discovery related to claim construction, including any depositions with respect to claim construction of any witnesses, by:

~~Plaintiffs' and Defendant's Proposal:~~ **January 21, 2022** (30 days after No. 6, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

9.     The parties shall appear for a case management conference on:

     ~~Plaintiffs' and Defendant's Proposal:~~ **January 28, 2022 at 10:00 am** (7 days after No. 7, in accordance with the Court's Patent Case Management Plan and Scheduling Order). If any party wishes to make a motion at this time, it should submit a pre-motion letter in accordance with the Court's Individual Rules at least four days prior to this conference.

10.     The party asserting infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall file an opening claim construction brief and all supporting evidence and testimony on or before:

     ~~Plaintiffs' and Defendant's Proposal:~~ **February 21, 2022** (30 days after No. 8, in accordance with the Court's Patent Case Management Plan and Scheduling Order). The opposing party shall file a response to the opening claim construction brief and all supporting evidence and testimony by:

     ~~Plaintiffs' and Defendant's Proposal:~~ **March 23, 2022** (30 days from the filing of the opening brief, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

     The opening party shall file a reply solely rebutting the opposing party's response by:

     ~~Plaintiffs' and Defendant's Proposal:~~ **March 30, 2022** (7 days from filing of the response, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

     These submissions shall be submitted in accordance with the page limitations provided in the Court's Individual Rule 4.A.iii.

11.     The parties shall jointly file a claim construction chart by:

     (a)  Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank. Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).

     (b)  The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall state "[**AGREED**]" and the agreed construction shall be inserted in the "Court's Construction" column.

(c) The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms. Accordingly, aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed constructions. Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

~~Plaintiffs' and Defendant's Proposal:~~ **April 6, 2022** (7 days after the reply in No. 10, in accordance with the Court's Patent Case Management Plan and Scheduling Order).

12. The Court will issue an order scheduling a claim construction hearing at the post-discovery conference.

13. The parties are reminded that pursuant to SDNY Rule 10, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production no later than:

~~Plaintiffs' and Defendant's Proposal:~~ **30 days after the Court's claim construction ruling**

14. The producing party shall serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work- product protection.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than two business days prior to the expiration of the date sought to be extended.

**Failure to comply with this order and the deadline stated herein may result in sanctions, including preclusion of claims or defenses at trial.**

**SO ORDERED.**

**Date:** _8/24/2021_
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**

Counsel for the Parties:

/s/ *Dariush Keyhani*
Dariush Keyhani (DK-9673)
**Keyhani LLC**
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com

*Attorneys for Plaintiff/Counter-Defendant*
*CG3 Media, LLC and Corey Griffin, LLC*

/s/ *Etai Lahav*
Etai Lahav
Bryon Wasserman (pro hac vice forthcoming)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
646-502-5950
etai@radip.com
bryon@radip.com

*Attorneys for Defendant/Counter-Plaintiff*
*Belleau Technologies LLC*