**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CG3 MEDIA, LLC and COREY GRIFFIN, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-04607-MKV |
| BELLEAU TECHNOLOGIES, LLC, | |
| Defendant. | |

## PROPOSED PROTECTIVE ORDER

WHEREAS Plaintiffs CG3 Media, LLC and Corey Griffin ("Plaintiffs") and Defendant Belleau Technologies, LLC ("Defendant") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

1.       **Applicability of this Protective Order**: This Proposed Protective Order for Confidential Information (the "Protective Order") governs any trial proceedings or hearings held in this action and will also be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" shall refer to the parties in this action that give testimony or produce documents or other information in this action; "Receiving Party" shall refer to the parties in this action that receive such information.

2.       **Designation of Information**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as

"Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Source Code" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information defined as follows:

      a.    For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "Confidential" compilations of publicly available discovery materials which would not be known publicly in a compiled form.

      b.    For purposes of this Protective Order, "Highly Confidential - Attorneys' Eyes Only Information" means any Confidential Information as defined in Section 2(a) above that is also extremely sensitive, highly confidential, non-public information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such Highly Confidential -Attorneys' Eyes Only Information may include trade secrets; user data and associated security features; pricing information; forecasts, budgets, sales initiatives, and

profit generation information; business dealing(s) with customers/prospective customers; proprietary marketing plans and analyses; information related to business competition of the Producing Party; and other related and/or similar information.

        c.      For the purposes of this Protective Order, "Highly Confidential - Source Code" Information means any Confidential Information as defined in Section 2(a) above that also consists of or represents computer code and associated comments and revision histories, formulas, or specifications that define or otherwise describe in detail the algorithms or structure of software/source code, the disclosure of which would create a substantial risk or serious harm that could not be avoided by less restrictive means.

        3.      **Persons Authorized to Receive Confidential Information.** The following persons may have access to materials designated as "Confidential":

        a.      Officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action who have signed the form attached hereto as Exhibit A;

        b.      Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel) and any outside contractors or consultants utilized for litigation services and/or trial preparation;

        c.      Individuals at or affiliated with any insurer with responsibility for managing this litigation in connection with the insurer's potential liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers who have signed the form attached hereto as Exhibit A;

       d.      This Court, including any appellate court, its support personnel, and court reporters;

       e.      Stenographers engaged to transcribe depositions the Parties conduct in this action;

       f.      Consulting or testifying experts retained by counsel for a party (the "Retaining Party") in connection with this proceeding and who have signed the form attached hereto as Exhibit A;

       g.      A testifying witness at any deposition or other proceeding this action who is the author, sender, recipient, or otherwise has independent personal knowledge of the Confidential Information; and

       h.      Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

    4.     **Persons Authorized to Receive Highly Confidential - Attorney's Eyes Only and/or Highly Confidential - Source Code Information.** The following persons may have access to materials designated as "Highly Confidential -Attorneys' Eyes Only" and/or "Highly Confidential -Source Code":

       a.      Outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter and any outside contractors or consultants utilized for litigation services and/or trial preparation;

       b.      Consulting or testifying experts of a Retaining Party retained in connection with this proceeding who have signed the form attached hereto as Exhibit A;

       c.      This Court, including any appellate court, its support personnel, and court reporters; and

        d.      Stenographers engaged to transcribe depositions the Parties conduct in this action.

       5.      Any copies, summaries, abstracts, or exact duplications of Confidential, Highly Confidential - Attorneys' Eyes Only, or Highly Confidential-Source Code Information shall be marked "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Highly Confidential - Source Code" and shall be considered Confidential, Highly Confidential -Attorneys' Eyes Only, or Highly Confidential -Source Code Information subject to the terms and conditions of this Protective Order.

       6.      Prior to disclosing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential - Source Code Information to a Receiving Party's expert or consultant, or employees, the Receiving Party must serve via electronic mail to the Producing Party a signed copy of the Acknowledgement attached hereto as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past expert or consulting relationships. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

       7.      Upon receipt of the information described in Section 6, the Producing Party shall have ten (10) calendar days to serve a written objection to the proposed disclosure of its Confidential Information. The objection must be made for good cause and state, in writing, the specific reasons for such objection. If counsel for the Producing Party objects within ten (10) calendar days, there shall be no disclosure to such person except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) days of the service of the

objection. On any motion brought pursuant to this Section, the Producing Party shall bear the burden of showing why disclosure to that person should be precluded. Failure to timely object operates as a waiver of the Producing Party's right to object to disclosure of Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information to such person; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

8.      Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

9.      Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, or the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Protective Order.

10.     The inadvertent failure to designate information produced in discovery as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code shall not be deemed, by itself, to be a waiver of the right to so designate Discovery Materials as such. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such Discovery Materials to any other person prior to later designation of the Discovery Materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly

designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Sections 2(a) - 2(c).

11.     If a Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

12.     Any person in possession of Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information in order to ensure that the confidential nature of the same is maintained.

13.     Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Source Code" by indicating on the record at the time the testimony is given or within thirty (30) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Source Code." If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the final transcript, identifying the specific pages, lines, and/or counter numbers containing the Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source

Code Information. If no confidentiality designations are made within the thirty (30) calendar day period, the entire transcript shall be considered non-confidential. During the thirty (30) calendar day period, the entire transcript and video shall be treated as Highly Confidential - Attorneys' Eyes Only Information. All originals and copies of deposition transcripts that contain Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information shall be prominently marked as such the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code deposition testimony shall be labeled in accordance with the provisions of Sections 2(a) - 2(c).

14.    For Protected Material designated "Highly Confidential - Source Code," the following additional restrictions apply:

a.    Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the office of the Producing Party's primary outside counsel of record in this action or (2) a location mutually agreed upon by the Receiving and Producing Parties. Any location under (1) or (2) above shall be in the continental United States. Source Code will be loaded on a single, standalone, non-networked personal computer that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer"). However, the Producing Party will make available and install at a Receiving Party's request reasonable software for exploration and discovery of the Source Code on the Source Code Computer, and the Receiving Party agrees to

pay any license or usage fees associated with such software. Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer. The Producing Party will also provide a nearby room for the expert and/or counsel to keep any computer equipment, cell phones, or other computers and other materials. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computer will be made available for inspection until the close of fact discovery in this action between the hours of 10 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not federal holidays), upon reasonable written notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect. However, nothing in this paragraph shall bar (i) a Receiving Party at a later date from filing a motion with the Court seeking to extend the dates during which the Source Code and Source Code Computer is made accessible to the Receiving Party and (ii) a Producing Party from opposing such motion.

b.      The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. Any notes relating to the Source Code will be treated as "Highly Confidential – Attorneys Eyes Only." No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party

may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

       c.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code—consistent with the terms included herein—to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the Producing Party. The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance. In no event may the Receiving Party print any continuous block of Source Code that results in more than five (5) printed pages, or an aggregate total of more than 200 pages during the duration of the case without prior written approval by the Producing Party. Within five (5) business days or such additional time as necessary due to volume requested, the Producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "Highly Confidential - Source Code" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. At the inspecting Parties' request, up to two additional sets (or subsets) (a total of up to three sets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion, within five (5) business days via a delivery service selected by the Producing Party.

       d.      If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not

take place in person), the Producing Party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court. Permission will not be unreasonably withheld, and the procedure will require the Producing Party to file a motion within five days of a request seeking a protective order barring production of the source code.  If such motion is not filed within five days, the Producing Party will produce the requested printed portions.

        e.    The Receiving Party shall not create any electronic or other images of any printed pages of Source Code or any other documents that include or incorporate the Source Code that have been designated by the Producing Party as "Highly Confidential - Source Code" except: (a) as necessary to create documents or exhibits, which pursuant to the Court's rules, procedures and order must be filed or served electronically, and (b) as specifically set forth in paragraphs 14(e) and 14(f) below. Documents and testimony that describe the functionality of the code are not considered Source Code for purposes of this Protective Order or subject to the restrictions set forth in Paragraphs 14(e) and 14(f). Furthermore pleadings, exhibits, expert reports, deposition transcripts or other Court documents (or drafts thereof) containing excerpts of source code, whether generated by the Producing Party, the Court, or the Receiving Party (pursuant to Paragraph 14(m)) shall not be considered Source Code or subject to the restrictions of Paragraphs 14(e) and 14(f). The Receiving Party shall only make additional paper copies of selected excerpts of Source Code if such additional copies are necessary for any filing with the Court, the service of any pleading or other paper on any Party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed below, or any draft of these documents ("Source Code Documents"). The Receiving Party shall only make additional copies of such excerpts as are

reasonably necessary for the purposes for which such part of the Source Code is used. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

        f.     Any paper copies designated "Highly Confidential - Source Code" or that include or incorporate the Source Code shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies or documents that include or incorporate the Source Code shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times, when it is not in use. Any paper copies designated "Highly Confidential - Source Code" or that include or incorporate the Source Code  may be transported by UPS or FedEx (but not U.S. mail) provided that: (i) such paper copies or descriptions are limited to no more than 10 consecutive lines of Source Code and no more than 10 pages total per mailing; (ii) the Receiving Party provides notice to the Producing Party via email that the materials are to be mailed; (iii) the materials are mailed with a tracking number and signature requirement; and (iv) the Receiving Party provides the Producing Party with a confirmation of receipt after the materials have been mailed.

        g.     A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the

locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon request.

       h.     Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

       i.     The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

       j.     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code reviewing room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

       k.     Only the following individuals shall have access to "Highly Confidential - Source Code" materials, absent the express written consent of the Producing Party or further court order:

i.      Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms and any outside contractors or consultants utilized for litigation services and/or trial preparation;

ii.     Up to three (3) outside experts or consultants per Party, pre-approved in accordance with Paragraphs 8.e and specifically identified as eligible to access Source Code;

iii.    The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code; for depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

iv.     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) any person who authored, previously received (other than in connection with this litigation), or was directly

involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence; and/or (iv) any expert designated by the Producing Party to testify on questions of infringement or invalidity or who has otherwise offered a report relating to the operation of any instrumentality to which the source code relates. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

l.    The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party or created by the Receiving Party pursuant to this Protective Order) that are delivered by the Receiving Party to any qualified person pursuant to this Protective Order. The log shall include the names of the recipients and reviewers of copies, the dates when such copies were provided, and the locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code. Within thirty (30) days after the issuance of a final non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party all paper copies of the Producing Party's Source Code. In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

m.    A Receiving Party may include excerpts, not exceeding more than 10 consecutive lines of Source Code Material, and not exceeding more than 10 pages of Source Code Material total, in a pleading, exhibit, expert report, deposition transcript, or other Court document,

so long as the pleading or other document is not filed publicly. Should a Receiving Party after its review of the Source Code, determine that the Source Code is organized so as to make ten consecutive lines unreasonably prohibitive for these purposes, the parties agree to meet and confer about modification of these limits.  If they are unable to reach agreement, a Receiving Party may request the Court modify the ten line limit, and a Producing Party may oppose this request. To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as "Highly Confidential – Attorneys' Eyes Only" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as "Highly Confidential – Attorneys' Eyes Only."

        n.     All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

        o.     The Receiving Party's outside counsel may only disclose a copy of the Source Code  to individuals specified in Paragraph l above (e.g., Source Code may not be disclosed to in-house counsel).

        p.     Any technical advisor retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such experts or

consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such expert or consultant.

q.      Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

15.      In accordance with Federal Rule of Evidence 502(d), the parties stipulate and agree, and the Court hereby orders, that the disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." In addition, the fact that a document or other material was disclosed shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has disclosed any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the Receiving Party that such document covered by the attorney-client privilege and/or work product

doctrine has been produced, the Receiving Party of said document or material shall return it and all copies within five (5) days to the Producing Party. After the return of the document(s) or material(s), the Receiving Party may challenge the Producing Party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court. In accordance with Federal Rule of Evidence 502(e), the Parties' foregoing stipulation and agreement on the effect of disclosure of Privileged Information is binding on the Parties regardless of whether or not the Court enters this Protective Order.

16.     Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," and/or "Highly Confidential – Source Code" provided, however, that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information contrary to the terms of this Protective Order.

17.     If a party files a motion or other pleading containing "Highly Confidential – Attorneys' Eyes Only" under seal, then within three (3) days of said filing, the filing party will provide a redacted version of the motion or pleading that the other party may share with "Persons Authorized to Receive Confidential Information" as set forth in Section 3 above, including inhouse attorneys.

18.     The provisions of this Protective Order shall also apply to materials and deposition testimony produced by non-parties in discovery in this action, and non-parties may designate their materials and deposition testimony as Confidential, Highly Confidential – Attorneys' Eyes Only,

or Highly Confidential – Source Code in accordance with the provisions of this Protective Order.

19.    The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, the right to seek a modification of this Protective Order; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a party designates or marks as containing Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

20.    If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile, or electronic mail transmission to all counsel of record for such Producing Party no later than within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. In the event a Producing Party objects to the production

of the Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information in any manner, the Receiving Party shall not disclose or produce any Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information absent a direct court order to do so. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful order issued in another action.

21.    Within thirty (30) calendar days after the final disposition of this action, all Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information produced by a Producing Party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Receiving Parties. Each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential - Source Code Information, but only to the extent necessary to preserve a litigation file with respect to this action.

22.    This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

23.     The obligations of this Protective Order shall survive the termination of the action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

24.     In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying - on a particularized basis - the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

25.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

RESPECTFULLY SUBMITTED this September 10, 2021.

**Plaintiffs' Counsel**

*/s/ Dariush Keyhani*
Dariush Keyhani (DK-9673)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com

**Defendant's Counsel**

*/s/ Etai Lahav*
Etai Lahav (EL-9138)
Bryon Wasserman (*pro hac vice*)
Radulescu LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Fax: (646) 502-5959
etai@radip.com
bryon@radip.com

## EXHIBIT A

I, _____, acknowledge and

declare that I have received a copy of the Protective Order ("Order") in *CG3 Media, LLC et al. v.*

*Belleau Technologies, LLC*, No. 1:21-cv-04607. Having read and understood the terms of the

Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court

for the purpose of any proceeding to enforce the terms of the Order.


    Name of individual: _____

    Present occupation/job description: _____

    Name of Company or Firm: _____

    Address: _____

    Dated: _____


                         _____

                         Signature