

5 Penn Plaza, 19th Floor, New York New York  10001

DIRECT LINE (646) 502-5957
etai@radip.com

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Court for the Southern District Of New York
40 Foley Square
New York, NY 10007

      Re:    *CG3 Media, LLC and Corey Griffin* v. *Belleau Technologies, LLC,* Civil Case No. 1:21-cv-04607-MKV

Dear Judge Vyskocil:

    Pursuant to Rule 3.D of your honor's Individual Rules of Practice, Defendant Belleau Technologies, LLC ("Belleau") provides the attached letter regarding a discovery dispute between Belleau and Plaintiffs CG3 Media, LLC and Corey Griffin ("CG3").  After six weeks of unsuccessfully attempting to secure discovery commitments from CG3, regarding CG3's production of source code and documents and CG3's interrogatory responses, Belleau notified CG3 on November 15 that it believed the parties' ongoing discovery disputes were ripe for consideration by the Court and provided CG3 with Belleau's portion of a joint letter. In response to CG3's representations that it would provide specific information by the end of the week, Belleau agreed to narrow the issues for presentation to the Court at this time to CG3's failure to produce its source code. Yesterday, November 17, Belleau provided CG3 with a focused version of this letter and requested CG3's portion by 6pm today. CG3 did not provide its draft or respond when Belleau notified CG3 that it intended to file. As set forth below, the parties met and conferred but were ultimately unsuccessful at resolving the dispute.  Belleau respectfully requests that the Court schedule an informal conference to address this dispute.

    This is a patent dispute between Belleau and CG3 regarding infringement by CG3's SpeakFlow teleprompter software of Belleau's U.S. Patent No. 9,953,646 (the '646 patent). Belleau respectfully requests that the Court direct CG3 to produce (i) all source code for its accused SpeakFlow product (ii) in its native form.  Notwithstanding the fact that source code is typically stored in a central repository and is easily collectable CG3 has refused to commit to producing or providing for inspection its complete source code.

    On August 5, 2021, Belleau served requests for production seeking production of among other things, the source code for the Speakflow product. Ex. 1 at Requests 2 and 7. The source code sets forth the computer instructions that control how CG3's infringing product operates and is a central piece of evidence.  On September 20, 2021 Belleau sought production of the source code from CG3 pursuant to the terms stipulated to by the parties in the Court's Protective Order. Ex. 2. Dkt 17 at ¶14.

    CG3 refused to produce its source code for inspection in the manner agreed upon by the parties, initially seeking to require that Belleau travel to East Aurora, NY. Ex. 3 at 2-3. Only after Belleau threatened to seek relief from the Court, CG3 represented that it would produce the source code to Belleau. Ex. 3 at 1. The "source code" eventually provided by



CG3 was provided in as a small series of unlabeled paper printouts. Significant portions of the source code were self-evidently missing (as the code referenced portions of other files in the source code that were not present in the production). The source code was also provided without file names or the file directory structure that would show how the source code components interact. Ex. 4. On October 25, 2021 Belleau notified CG3 of these specific deficiencies and requested that the *complete* source code be produced in its native format but CG3 has not to date agreed to do so. *Id.*

After delaying for weeks, CG3 finally agreed to meet and confer on November 12, 2021. Belleau advised CG3 that unless it agreed at the meet and confer to commit to producing its source code a timely manner, that Belleau would seek assistance from the Court. Ex. 5. At the meet and confer counsel for CG3 was completely unprepared to address the specifically identified deficiencies in CG3's source code production. Counsel for CG3 would not give any substantive information about whether CG3 would produce its full source code. Counsel for CG3 merely represented that would he speak to his client further and provide its positions at a later date.

Counsel also announced for the first time that CG3 had withheld source code and only produced certain portions that it unilaterally determined were relevant. Such a restriction is clearly improper. *See InTouch Technologies, Inc. v. VGO Communications, Inc,* CV 11–9185 PA (AJWx), 2012 WL 7783405 at *1 (C.D. Cal April 3, 2012) (rejecting defendant's claims that it need only produce "what it believes are the relevant portions of the source code" and requiring production of a "complete copy of its source code"). *See also Alifax Holding SpA v. Alcor Scientific Inc,* C.A. No. 14-440, 2019 WL 181310 at *3-5 (D.R.I. Jan. 11, 2019) (holding that plaintiff must produce complete source code, including its review tools for accessing the source code). In subsequent communications on November 16, CG3 was still unwilling to commit to producing its complete source code in native form by a date certain. Ex. 6.

Belleau has been severely prejudiced by CG3's refusal to provide critical discovery. Among other things, claim construction is commencing in less than a month and CG3 has produced only minimal information about how the accused products operate. Accordingly, Belleau requests that the Court require that CG3 produce its complete source code in native form.

Dated: November 18, 2021

s/ *Etai Lahav*
Etai Lahav
Bryon Wasserman (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
646-502-5950
etai@radip.com
bryon@radip.com
***Attorneys for Defendant/Counter-Plaintiff Belleau Technologies LLC***