# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CG3 MEDIA, LLC and COREY GRIFFIN,<br><br>      Plaintiffs / Counter-Defendants,<br><br>      -v-<br><br>BELLEAU TECHNOLOGIES, LLC,<br><br>      Defendant / Counter-Plaintiff. | Civil Action No. 1:21-cv-04607-MKV |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-59)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant / Counter-Plaintiff Belleau Technologies, LLC, ("Belleau"), ( "Defendant") hereby requests that Plaintiffs CG3 Media, LLC and Corey Griffin. (collectively "Plaintiffs") produce the following documents and things herein after requested (the "Requests") for inspection and copying at the offices of Radulescu LLP, 5 Penn Plaza, 19th Floor, New York, NY 10001, within thirty (30) days of service or as otherwise ordered by the Court. The following definitions and instructions shall apply:

## DEFINITIONS

1. "Action" refers to *CG3 Media, LLC, and Corey Griffin* v. *Belleau Technologies, LLC*, Civil Action No. 1:21-cv-04607-MKV, filed on May 21, 2021 in the United States District Court for the Southern District of New York.

2. "Complaint" means the May 21, 2021 Complaint for Declaratory Judgment filed in the Action.

3. "CG3 Media" means Plaintiff CG3 Media, LLC.

4. "Corey Griffin" means Plaintiff Corey Griffin.

5. "Belleau" means Defendant Belleau Technologies, LLC and its employees and agents, including but not limited to Jeremy Sadkin.

6. "You," "Your," or "Plaintiffs" means Plaintiffs CG3 Media, LLC and Corey Griffin, and their (i) present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these Requests; (ii) any other person or entity acting on Plaintiffs' behalf or on whose behalf Plaintiffs acted; (iii) any person or entity which owes a duty, contractual or otherwise, to communicate with Plaintiffs any facts, or provide any documents, relating to the

Asserted Patent, and the history thereof; and (iv) any other person or entity otherwise subject to Plaintiffs' control, or which controls Plaintiffs, or with which Plaintiffs are under common control.

7. "The '646 Patent" means United States Patent No. 9,953,646.

8. "Asserted Patent(s)" means the '646 Patent, as well as any patents added to the Action by amendment of a pleading.

9. "Related Application" means any and all applications related to the Asserted Patent(s), including all provisional or non-provisional applications, continuations, continuations-in-part, divisions, interferences, reexaminations, reissues, reviews, parents, foreign counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described or claimed in the Asserted Patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the Asserted Patent(s), whether pending, issued, or abandoned.

10. "Related Patent" means any and all patents based upon or issuing from any Related Application, including any patents that may have been opposed, reexamined, reissued, reviewed, or subjected to any validity or nullity proceeding.

11. "Named Inventors" means: Eric Sadkin, Lakshmish Kaushik, Jasjeet Gill, and Etay Luz for the '646 Patent; and any inventors on the face of any patent added to the Complaint by amendment.

12. "Speakflow Product" means any version of the Speakflow teleprompter application offered by You and/or any computing hardware on which the Speakflow teleprompter operates, and/or any predecessor or successor applications such as Teleprompt.me.

13. PromptSmart means the Belleau PromptSmart line of teleprompter applications.

14. "Prior Art" refers to anything that may be applied under 35 U.S.C. §§ 102 and/or 103, or that anyone at any time has alleged may be applied under 35 U.S.C. §§ 102 and/or 103, and includes any patent, printed publication, knowledge, use, sale, offer for sale, prior invention, device, product, system, apparatus, or other instrumentality, or other act or event covered in 35 U.S.C. § 102, taken singly or in combination.

15. "Infringe" and "infringement" refers to any and all types of infringement set forth in 35 U.S.C. § 271, including direct infringement, contributory infringement, active inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents.

16. "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and Local Rule 26.3.

17. "Thing" is synonymous in meaning and equal in scope to the usage of the term "tangible things" in Fed. R. Civ. P. 34(a).

18. "Communicate" or "Communication" is synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.3, namely the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

19. "Date" means the exact day, month, and year if ascertainable, or if not, Your best approximation thereof.

20. "Person" and "Individual" is synonymous in meaning and equal in scope to the usage of these terms in Local Rule 26.3, namely any natural person or any business, legal or government entity, or association.

21. "Relate to," "related to," and/or "relating to" refer to constituting, comprising, concerning, containing, connected with, generated by, setting forth, showing, disclosing, describing, explaining, recording, resulting from, supporting, substantiating, summarizing or referring to, directly or indirectly, in whole or in part.

22. "Identify" shall mean:

23. With respect to a person, synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.3, to provide his or her name, his or her address and telephone number, his or her place of employment, and his or her job title;

24. With respect to a corporation of other legal entity, to provide the full name, address, and state of incorporation thereof; and

25. With respect to a document, synonymous in meaning and equal in scope to the usage of this term, in Local Rule 26.3,

26. As used herein, the singular includes the plural and the present tense includes the past tense.

27. "And," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever form renders the most inclusive Request possible.  Where appropriate the word "or" shall mean "and/or" and the word "and" shall also mean "and/or."

28. Where appropriate, the word "each" shall include "every" and vice versa; and the word "any" shall include the term "all," and vice versa.

29. Definitions and terminology used herein are used for convenience, and do not intend or imply any particular technical meaning or meaning for any term or phrase of any patent.

## INSTRUCTIONS

1. In answering the following Requests, furnish all available information, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Your control, who have the best knowledge, not merely the first instance of responsive information that You identify.  If You cannot fully

respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Request.

2. Each Document is to be produced with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

3. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. All Documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

5. Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

6. Documents attached to each other shall not be separated.

7. If any information requested is claimed to be privileged, provide all information falling within the scope of the Request that is not privileged, and for each item of information contained in a Document to which a claim of privilege is made, identify such Document with sufficient particularity for the purposes of a motion to compel, such identification including at least the following:

    a. The basis on which the privilege is claimed;

      b.    The name and position of the author(s) of the document and all other Persons participating in the preparation of the Document;

      c.    The name and position of each individual or other Person to whom the Document, or a copy thereof, was sent or otherwise disclosed;

      d.    The date of the Document;

      e.    A description of any accompanying material transmitted with or attached to the Document;

      f.    The number of pages in the Document;

      g.    The particular Request to which the Document is responsive; and

      h.    Whether any business or nonlegal matter is contained or discussed in the Document.

8.    If Your response to a particular Request is a statement that You lack the ability to comply with that Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified. Your obligation to respond to these Requests is continuing, requiring You to supplement your responses and production in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1.

All documents and communications concerning Your business structure from 2015 through to the present, including but not limited to:

(a) Organizational, formation, dissolution, and operating documents;

(b) Board minutes, resolutions, and accounting records;

(c) Documents reflecting any changes to CG3 ownership structure, name, or operating procedures over time;

(d) Documents sufficient to identify any and all shareholders, managers, members, directors, officers, agents, consultants, employees, professionals, or any other persons presently or formerly acting on behalf of CG3;

(e) Documents sufficient to identify Your place(s) of business or operation;

(f) Documents concerning Your capitalization, including but not limited to initial capital contributions and subsequent capital contributions at any time;

(g) Documents reflecting the ownership, or the transfer or assignment of ownership, of any version of the Speakflow Product (or any attempt to transfer or assign ownership);

(h) Documents reflecting the ownership of Your public and private code repositories;

(i) Documents reflecting the ownership of any other online account relevant to the development, marketing, and sale of any version of the Speakflow Product;

(j) Documents reflecting the ownership of the teleprompt.me and Speakflow.com domains; and

(k) Contracts or other agreements among Your vendors, contractors, or any third-party for hire.

8

**REQUEST FOR PRODUCTION NO. 2.**

All documents related to the design, structure, and operation of any version of the Speakflow Product, including but not limited to source code, process flow documents, functional diagrams, specifications, development documents, version change logs, internal memoranda, flow charts, and all communications related to the same.

**REQUEST FOR PRODUCTION NO. 3.**

Documents sufficient to identify any speech-to-text Application Programming Interfaces (APIs) used in any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 4.**

All documents relating to the creation, development, and operationalization of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 5.**

All documents relating to the determination to create any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 6.**

All documents reflecting or relating to any changes or modifications to any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 7.**

All source code relating to or utilized by any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 8.**

All communications with any person or entity relating to the development, design, or operation of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 9.**

Documents sufficient to identify the number of lines of source code needed to run "Flow mode" for any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 10.**

All documents and communications concerning any distributions of proceeds made by CG3, including but not limited to any bank accounts used and any relevant correspondence thereto.

**REQUEST FOR PRODUCTION NO. 11.**

Documents sufficient to show all revenues generated by You related to making, using, offering for sale or selling any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 12.**

Documents sufficient to show all profits generated by You related to making, using, offering for sale or selling any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 13.**

Documents sufficient to show expenses incurred by You related to making, using, offering for sale or selling any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 14.**

Documents sufficient to show all costs incurred by You related to making, using, offering for sale or selling any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 15.**

Documents sufficient to identify all customers of the Speakflow Product, including but not limited, to customer lists, billing records, and sales invoices.

**REQUEST FOR PRODUCTION NO. 16.**

All documents and communications concerning any payment, distribution, transfer, disbursement, or other conveyance of assets, holdings, profits, property, funds, or anything of

value between or among Corey Griffin, CG3, or any related legal entity or immediate family member.

**REQUEST FOR PRODUCTION NO. 17.**

All documents, agreements, and communications regarding Your engagements, contracts, or other arrangements with Blake Ellison, Sean Gartland, Brooke Greenberg, Kevin Barrios, or Shopify, including, but not limited to any compensation paid and the negotiations thereto.

**REQUEST FOR PRODUCTION NO. 18.**

All of Corey Griffin's journal entries relevant to any version of the Speakflow Product or the operations of CG3.

**REQUEST FOR PRODUCTION NO. 19.**

All documents and communications You utilized or relied upon to develop, market, and sell any version of the Speakflow Product, including but not limited to documents received from or relating to Shopify, Rails, Gumroad, Zapier, Reddit, Twitter, Rotten Tomatoes, the Software Social Podcast, or any other relevant resource.

**REQUEST FOR PRODUCTION NO. 20.**

All records or organizational charts You used on Notion HQ (or any similar service/platform) to plan and implement the development of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and communications regarding your request for a "good patent lawyer" on or about December 3, 2019, including, but not limited to any communications with Olamide Olowe.

**REQUEST FOR PRODUCTION NO. 22.**

All documents supporting Your contention that you have not infringed the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 23.**

All documents supporting Your contention that any claim of the Asserted Patent is invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code including, without limitation, those of §§ 101, 102(a), (b), (e) and/or (g), 103(a), 112, 116 and 282, as well as any judicial doctrine of invalidity.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and communications related to the formation and operation of all of Your social media accounts, including but not limited to, Twitter, YouTube, and Instagram accounts, the ownership thereto, and all posts or content posted or shared by You on any of Your social media accounts.

**REQUEST FOR PRODUCTION NO. 25.**

Documents sufficient the total volume of sales by You of any version of the Speakflow Product since January 11, 2019.

**REQUEST FOR PRODUCTION NO. 26.**

All plans, budgets, or marketing proposals related to making or selling any version of the Speakflow Product in the United States.

**REQUEST FOR PRODUCTION NO. 27.**

All agreements related to Your development, use, sale, or offering for sale of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 28.**

All documents comparing or contrasting the structure, operation, or performance any version of the Speakflow Product to any other teleprompter application.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to identify any person or entity that advised or consulted You in the making, using, offering for sale, or selling of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 30.**

All documents concerning marketing and business plans and reports relating to any version of the Speakflow Product, including, but not limited to, sales reports (e.g., monthly, quarterly, or annual sales reports), projections, and forecasts.

**REQUEST FOR PRODUCTION NO. 31.**

All documents referring or relating to Belleau, including all communications with or regarding Belleau.

**REQUEST FOR PRODUCTION NO. 32.**

All documents referring or relating to PromptSmart including any communications referring to or relating to PromptSmart.

**REQUEST FOR PRODUCTION NO. 33.**

All Documents relating to whether CG3 considers Belleau a competitor in the market for teleprompter applications, including whether CG3 considers Belleau products to compete with the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 34.**

All documents relating to any intellectual property associated with any Speakflow product, including but not limited to copyrights, copyright applications, copyright registrations, domain names, trademarks, trademark applications, patents, and patent applications.

**REQUEST FOR PRODUCTION NO. 35.**

All documents that concern all internal, external, and/or commissioned studies concerning teleprompter applications that fall into one or more of the following categories:

market surveys, market studies, customer surveys, customer studies, marketing reports, usage analytics, product substitute studies, and studies regarding customer buying decisions/purchasing motivation.

**REQUEST FOR PRODUCTION NO. 36.**

All documents that concern the market for teleprompter applications, including, but not limited to, documents that concern competitors in the industry, prices, revenues, profits, product designs, and/or any products that compete with any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 37.**

All documents that concern Speakflow's maret share in the market for teleprompter applications.

**REQUEST FOR PRODUCTION NO. 38.**

All documents concerning promotional and marketing materials for any version of the Speakflow Product including, but not limited to, advertising materials, press releases, product announcements, presentation materials, product brochures, product catalogs, or demonstrations.

**REQUEST FOR PRODUCTION NO. 39.**

All documents provided to users or purchasers of any version of the Speakflow Product, including, but not limited to, user guides, instructions, or compliance documents.

**REQUEST FOR PRODUCTION NO. 40.**

All documents concerning sales and pricing of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 41.**

Documents sufficient to show any royalties or licensing fees paid by You for the use, manufacture, or sale of any version of the Speakflow Product, and any royalties or licensing fees paid to you by any other entity in connection with its use, manufacture, or sale of any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 42.**

All documents concerning your first awareness of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 43.**

All documents concerning the construction of any terms of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 44.**

All documents concerning any investigations, tests, studies, reviews, analysis, or opinions of counsel relating to the Asserted Patent including, but not limited to, documents concerning Prior Art and Prior Art searches, the validity of the Asserted Patent, the enforceability of the Asserted Patent, and the infringement, potential infringement, or non-infringement of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 45.**

All documents concerning or reflecting comparisons of the structure or operation of any teleprompter app with any claim of the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 46.**

All documents concerning any alleged Prior Art to any claims of the Asserted Patent including, but not limited to, all documents concerning or reflecting comparisons of any claims of the Asserted Patent to any Prior Art, any documents that You assert suggest a motivation to combine Prior Art, and/or any documents which You assert describes the state of the ordinary skill in the art at the time that the application of the Asserted Patent was filed.

**REQUEST FOR PRODUCTION NO. 47.**

All documents describing, concerning, referring to, or relating to any effort by You or Your agents to design around or develop independently the subject matter disclosed or claimed in the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 48.**

All documents identified by You in Your responses to interrogatories or requests for admission in this action, or referred to, reviewed, or relied-upon by You in preparing Your responses to interrogatories or requests for admission in this action.

**REQUEST FOR PRODUCTION NO. 49.**

All communications between You and any third party relating to this Action, the '646 Patent, Belleau, or PromptSmart.

**REQUEST FOR PRODUCTION NO. 50.**

All documents received by You from a third party in connection with, relating to, or concerning this Action, including any documents produced in response to a subpoena.

**REQUEST FOR PRODUCTION NO. 51.**

Documents sufficient to show all persons and entities with any financial interest in the outcome of this litigation, including the nature and quantity of the financial interest for each such person or entity.

**REQUEST FOR PRODUCTION NO. 52.**

Documents sufficient to identify and describe Your document retention policies.

**REQUEST FOR PRODUCTION NO. 53.**

All documents relevant to any claim, counterclaim, or defense in this action.

**REQUEST FOR PRODUCTION NO. 54.**

All documents You intend to use at trial in this action.

**REQUEST FOR PRODUCTION NO. 55.**

With respect to every person that You may call as an expert witness at trial a current curriculum vitae or resume and all documents relied-upon by the witness.

**REQUEST FOR PRODUCTION NO. 56.**

All documents and communications related to or concerning the offering for sale of any version of the Speakflow Product, including, but not limited to, a telephonic meeting with agents of Belleau on or about March 11, 2019.

**REQUEST FOR PRODUCTION NO. 57.**

All documents related to your awareness of PromptSmart, including documents related to any evaluation, testing or use, of PromptSmart by You.

**REQUEST FOR PRODUCTION NO. 58.**

Documents sufficient to identify the relevant names, places, and dates of incorporation of any legal entity started by Corey Griffin and/or related to any version of the Speakflow Product.

**REQUEST FOR PRODUCTION NO. 59.**

All Documents containing information relating to the factors identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp.1116 (S.D.N.Y. 1970).

Dated: August 5, 2021

Respectfully submitted,

By: */s/ Etai Lahav*

Etai Lahav
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
Tel. 646-502-5950
Fax. 646-502-5959
Email: etai@radip.com

***Attorneys for Defendant/Counter-Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 5, 2021, to all counsel of record via electronic mail.

*/s/ Bryon Wasserman*
Bryon Wasserman