# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com
_____

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

November 19, 2021

**<u>VIA ECF</u>**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      RE:     *CG3 Media, LLC and Corey Griffin* v. *Belleau Technologies, LLC,* Civil Case No.
                1:21-cv-04607-MKV

Dear Judge Vyskocil:

      We represent Plaintiffs CG3 Media, LLC and Corey Griffin (collectively "Plaintiffs") and write in response to Defendant Belleau Technologies, LLC ("Defendant")'s November 18, 2021 Letter to the Court ("Letter," Dkt. #19). Plaintiffs respectfully request that the Court strike and deny Defendant's unilateral letter, which violates Your Honor's Individual Rule of Practice 3.D ("Rule 3.D") and continues Defendant's pattern of disregarding this Court's rules. *See Dodson v. Runyon*, 957 F. Supp. 465, 468 (S.D.N.Y. 1997) (denying plaintiff's cross-motion where plaintiff violated the Local Rules and Individual Rules); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 911 F. Supp. 743, 754 (S.D.N.Y. 1996) (denying plaintiffs' attorneys' motion to be admitted *pro hac vice* with prejudice because the plaintiffs' attorneys violated the Local Rules and Individual Rules).

      Rule 3.D provides:

      Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file on ECF a **joint** letter, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference.

Defendant, in filing a unilateral letter, violated the joint letter requirement.

Further, as discussed below, Defendant has manufactured a discovery dispute in contravention of Rule 3.D's requirement that the parties "first confer in good faith" and that a joint letter be filed only after "th[e] meet-and confer process does not resolve the dispute." Defendant's position is that it can harass Plaintiffs with frivolous demands and self-imposed deadlines and set its own schedule for discovery that contradicts the Court's scheduling order. Defendant's prior attempt to set its own timeline was rejected by the Court when Defendant attempted to submit—without justification—its own scheduling order rather than the one set forth by this Court. Plaintiff asks that the Court reject this gamesmanship and deny Defendant's Letter.

### 1. There is currently no ripe dispute for the Court to adjudicate.

Although Plaintiffs recognize that Defendant's Letter is not properly before the Court, Plaintiffs feel that it is necessary to apprise the Court of the current situation and to correct Defendant's mischaracterizations. On August 5, 2021, Defendant served fifty-nine requests for production ("RFPs") on Plaintiff, along with its First Set of Interrogatories. Plaintiffs timely served Defendant with their responses and objections to these discovery requests. The Court issued its protective order on September 13, 2021.[1] On September 29, Plaintiffs informed Defendant that they would make their source code available on October 19 at counsel's administrative office (where client files are maintained) in East Aurora, New York, in full compliance with the protective order (**Ex. A**, at 8). After Defendant objected, Plaintiffs, in the interest of efficiency and cooperation, offered to express mail the source code directly to Defendant's office (Ex. A, at 4-5). Plaintiffs further informed Defendant that it would be producing the source code in PDF format, and Defendant agreed "to accept the source code in PDF format" (Ex. A, at 3-4). Plaintiffs mailed the source code to Defendant on October 14 (Ex. A, at 2). Counsel for Plaintiffs worked closely with the client to produce all source code relevant to Defendant's patent claims. Additionally, on October 20, after working extensively with Plaintiffs' counsel, Plaintiffs produced documents responsive to Defendant's RFPs.

The parties met and conferred on November 12, 2021 to address Defendant's concerns regarding discovery. During this call, counsel for Plaintiffs indicated that 1) Plaintiffs were not withholding any documents they had located and would produce responsive documents and/or identify any documents they were withholding by November 24; 2) we would confer with Plaintiff Corey Griffin regarding the discovery issues raised by Defendant and get back to Defendant this week with confirmation of what additional documents are located, if any, and indicate if there are any documents Plaintiffs would withhold for any reason; 3) advised Defendant that we would further consider the issues raised with respect to Interrogatories 1, 5, 10, 12 and supplement Plaintiffs' responses if necessary; and 4) advised that **we are working with Mr. Griffin to get Defendant the additional source code information requested to the extent it exists**,[2] despite believing that Defendant's demands are beyond the reasonable scope of discovery (**Ex. B**, at 2-3). During the meet and confer on November 12, Defendant's counsel accepted Plaintiffs' proposal to address discovery concerns raised by Defendant. (Ex. B, at 2). Plaintiffs have complied fully with their proposal, spending hours conferring with counsel to collect documents and source code, and providing Defendant with a list of requests for which they are unable to locate responsive documents (**Ex. C**, at

---

[1] Plaintiffs, in their responses to Defendant's RFPs, informed Defendant that they would withhold certain confidential materials, including source code, pending entry of this protective order.

[2] Plaintiffs' clear indication that they are working on locating and producing *exactly* what Defendant has requested in its Letter alone establishes that there is no ripe dispute for the Court to adjudicate.

2).

### 2. Defendant refused to make a good-faith attempt to abide by the parties' agreement or to craft a joint letter in accordance with Rule 3.B.

Following the parties' Friday, November 12 meet and confer, and Plaintiffs' agreement to take the actions enumerated above, counsel for Defendant changed their position and sent an email the night of Monday, November 15 stating:

> I am following up from Friday's meet and confer. Upon further consultation with the team, given that CG3 cannot at this time make any commitments for production, we believe that this issue is ready to be brought to the Court's attention. We have attached a draft discovery letter with Belleau's section. Please provide CG3's portion by no later than Wednesday at noon.

(Ex. B, at 5). On Tuesday afternoon, November 16, counsel for Plaintiffs responded, expressing confusion over Defendant's change of position and mischaracterizations of Plaintiffs' position and reiterating their commitment to address Defendant's concerns listed above (Ex. B, at 2-4). Given Defendant's intention to file a letter with the Court, Plaintiffs raised their own concerns with Defendant's responses to Plaintiffs' RFPs (Ex. B, at 3-4). In keeping with Rule 3.D, Plaintiffs suggested the parties meet and confer the next day, or in two days, suggesting multiple times (Ex. B, at 4). On Wednesday night, November 17, Defendant sent an email ignoring Plaintiffs' request to meet and confer (**Ex. D**, at 2-3). Defendant further demanded that Plaintiffs "provide us your portion [of the joint letter] by 6 pm of tomorrow"—less than twenty-four hours away (Ex. D, at 3). Defendant subsequently filed their unilateral letter on the evening of November 18 (Dkt. #19). Not only was no good-faith attempt made by Defendant to resolve the situation, but Defendant provided no reasonable opportunity for Plaintiffs to draft their contribution to the Rule 3.B joint letter.

For these reasons, Plaintiffs request that the Court strike Defendant's Letter, *see Dodson*, 957 F. Supp. at 468; *Int'l Bhd. of Teamsters*, F. Supp. at 754, and deny Defendant's application for a hearing and leave to file a motion to compel, as there is no ripe discovery dispute for the Court to address at this time.

Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Tel: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been served on November 19, 2021 to all counsel of record via ECF.


<u>/s/ Anya Engel</u>
Anya Engel