USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/22/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CG3 MEDIA, LLC, and COREY GRIFFIN,<br><br>Plaintiffs,<br><br>-against-<br><br>BELLEAU TECHNOLOGIES, LLC,<br><br>Defendant. | 1:21-cv-04607-MKV<br><br>ORDER RE: DISCOVERY DISPUTE |

MARY KAY VYSKOCIL, United States District Judge:

This matter is before the Court on the letter motion of Defendant Belleau Technologies, LLC to require that Plaintiff CG3 Media, LLC produce all source code for its accused SpeakFlow product in its native format. (Def. Ltr. [ECF No. 19]). This case concerns a patent dispute between Defendant and Plaintiff regarding alleged infringement by Plaintiff CG3's SpeakFlow teleprompter software of Defendant's U.S. Patent No. 9,953,646.

On August 5, 2021, Defendant served requests for production seeking, among other things, the source code for the Speakflow product. (Defendant's First Set of Requests for Production [ECF No. 19-1]). On September 20, 2021, Defendant sought production of the source code from Plaintiff CG3 pursuant to the terms stipulated to by the parties in the consensual Protective Order. (*See* Exhibit A [ECF No. 20-2] at 10; Protective Order [ECF No. 17]). Defendant sought to inspect the source code for the SpeakFlow product on October 4 and asked whether Plaintiff CG3 could make the code available at a mutually acceptable location within New York City. On September 29, 2021, Plaintiff CG3 offered to make the source code available on October 19 or October 21 at its administrative office in East Aurora, NY. (*See* Exhibit A [ECF No. 20-2] at 8). In response, on September 30, 2021, Defendants requested that

1

the source code computer be made available in the office of Plaintiff's counsel, pursuant to the terms of the Protective Order.  (*See* Exhibit A [ECF No. 20-2] at 6–7).

On October 7, 2021, the parties, via email, came to an agreement that Plaintiff CG3 would provide the source code in a physical hard copy in pdf format, (*See* Exhibit A [ECF No. 20-2] at 3–5), though, Defendant stated that it did not waive the right to seek inspection of the code in its native format, pursuant to the Protective Order, (*See* Exhibit A [ECF No. 20-2] at 3).

After receipt of the hard copy printouts of the source code, Defendant emailed Plaintiff CG3 on October 25, 2021, to detail deficiencies in Plaintiff CG3's production.  Defendant claimed that the code was produced on "a set of context-free paper printouts that lack file names or directory structure, [and] instead merely present[] strings of code written on paper."  Defendant further complained that the code was clearly incomplete.  (*See* Exhibit 4, [ECF No. 19-4]).  Again, Defendant requested that the source code be produced in electronic format in a manner pursuant to the Protective Order.  (*See* Exhibit 4, [ECF No. 19-4]).

The parties met and conferred on November 12, 2021, but Plaintiff CG3 did not agree to produce the source code pursuant to the Protective Order, but instead merely offered to look for and possibly produce additional documents to address the deficiencies identified by Defendant. (*See* Exhibit B [ECF No. 20-3]).  In response to Defendant's letter motion, Plaintiff merely argues that it is attempting to remedy the discovery dispute by providing additional discovery and that therefore, this dispute is not ripe for the Court to adjudicate.  (*See* Pl. Ltr. at 2).

Section 14.a. of the Protective Order at ECF No. 17 states that "Source Code, to the extent any Producing Party agrees to provide any such information . . . shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the office of the Producing Party's primary outside counsel of record in this action or

(2) a location mutually agreed upon by the Receiving and Producing Parties."[1]  The Protective Order further provides that the "Source Code Computer will be made available for inspection until the close of fact discovery in this action between the hours of 10 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not federal holidays), upon reasonable written notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection."

Defendant's request to inspect the source code for the SpeakFlow product complied with the Protective Order to which both parties agreed and which the Court thereafter so ordered. (*See* Exhibit A [ECF No. 20-2] at 10; Protective Order [ECF No. 17]).  Plaintiff CG3 failed to comply with the Protective Order when it instead provided the source code as a hard copy in pdf format.  Although Defendant initially agreed to this, it did so without prejudice while reserving its rights under the Protective Order.  Defendant was fully within its rights to seek compliance when it identified deficiencies in Plaintiff's initial production.  Plaintiff's offer to provide additional source code information, (Pl. Ltr. at 2), is therefore irrelevant to this dispute because such a production is not in compliance with the Protective Order to which both parties agreed. Moreover, Defendant made its initial request to inspect the source code for the SpeakFlow product on September 20, 2021, (*See* Exhibit A [ECF No. 20-2] at 10), and to date Plaintiff CG3 has made no effort to produce the source code in compliance with the Protective Order.

IT IS HEREBY ORDERED that Plaintiff CG3 produce all source code for its accused SpeakFlow product in its native format in compliance with the terms of the Protective Order.

---

[1] The Court acknowledges that this language is ambiguous.  However, the Court interprets this language to mean that the Producing Party has discretion to offer to produce the source code at either the office of the Producing Party's primary outside counsel of record or a location mutually agreed upon by the parties, but that if the parties are unable to mutually agree upon a location, then the producing party shall make the source code available at the office of the Producing Party's primary outside counsel of record.

Plaintiff CG3 shall make this source code available for inspection at the office of its primary outside counsel of record in this action on or before March 22, 2022.

    IT IS FURTHER ORDERED that the Case Management Conference scheduled for March 3, 2022 at 2:00 PM is ADJOURNED to April 5, 2022 at 11:00 AM.  On or before March 29, 2022, the parties shall file a proposed amended Patent Case Management Plan and Scheduling Order, if one is needed, with dates adjusted to reflect the adjournment of the Case Management Conference.

**SO ORDERED**

Dated: New York, New York
       February 22, 2022

_____
MARY KAY VYSKOCIL
United States District Judge