# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CG3 MEDIA, LLC and COREY GRIFFIN,<br><br>  Plaintiffs,<br><br>v.<br><br>BELLEAU TECHNOLOGIES, LLC,<br><br>  Defendant. | Civil Action No. 1:21-cv-04607-MKV |

### PLAINTIFFS CG3 MEDIA, LLC AND COREY GRIFFIN'S RESPONSE TO BELLEAU TECHNOLOGIES, LLC'S OPENING CLAIM CONSTRUCTION BRIEF

**TABLE OF CONTENTS**

**Page**

I. THE CLAIMS………………………………………………………………………… 1
II. CLAIM CONSTRUCTION LEGAL STANDARDS……………………………………. 2
III. DISPUTED TERMS……………………………………………………………………4
    A.     "a processer"……………………………………………………………………4
    B.     "storing, via a processor . . . retrieving, via said processor . . . generating, via said processor . . . comparing, via said processor . . . altering, via said processor . . . determining, via said processor . . . determining, via said processor . . . altering, via said processor"…………………………………………………………………….. 5
    C.     "text file"……………………………………………………………………… 8
IV. CONCLUSION……………………………………………………………………. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Media Networks, LLC v. AT&T Mobility LLC*,
    748 F. App'x 308 (Fed. Cir. 2018)……………………………………………………………….4

*Alloc, Inc. v. Int'l Trade Comm'n*,
    342 F.3d 1361 (Fed. Cir. 2003)………………………………………………………………… 3

*Apple Inc. v. Motorola, Inc.*,
    757 F.3d 1286 (Fed. Cir. 2014)……………………………………………………………… 2, 6

*Azure Networks, LLC v. CSR PLC*,
    771 F.3d 1336 (Fed. Cir. 2014)………………………………………………………………… 3

*Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*,
    262 F.3d 1258 (Fed. Cir. 2001)………………………………………………………………… 3

*CCS Fitness, Inc. v. Brunswick Corp.*,
    288 F.3d 1359 (Fed. Cir. 2002)………………………………………………………………… 4

*Convolve, Inc. v. Compaq Computer Corp.*,
    812 F.3d 1313 (Fed. Cir. 2016)………………………………………………………………… 4

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
    388 F.3d 858 (Fed. Cir. 2004)……………………………………………………………………3

*Creative Internet Advert. Corp. v. Yahoo!, Inc.*,
    476 F. App'x 724 (Fed. Cir. 2011)……………………………………………………………….7

*Golden Bridge Tech., Inc. v. Apple Inc.*,
    758 F.3d 1362 (Fed. Cir. 2014)……………………………………………………………… 3, 4

*In re Hiniker Co.*,
    150 F.3d 1362 (Fed. Cir. 1998)………………………………………………………………… 2

*In re Hyatt*,
    708 F.2d 712 (Fed. Cir. 1983)……………………………………………………………………3

*Hytera Commc'ns Co. v. Motorola Sols., Inc.*,
    840 F. App'x 555 (Fed. Cir. 2021)…………………………………………………………….4, 6

*Immunex Corp. v. Sanofi-Aventis U.S. LLC*,
　977 F.3d 1212 (Fed. Cir. 2020)………………………………………………………………… 2

*Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*,
　381 F.3d 1111 (Fed. Cir. 2004)………………………………………………………………… 2

*Intell. Ventures I LLC v. Check Point Software Techs. Ltd.*,
　No. CIV.A. 10-1067-LPS, 2012 WL 6200337 (D. Del. Dec. 12, 2012)…………………….. 8

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
　521 F.3d 1351 (Fed. Cir. 2008)………………………………………………………………...5

*Pers. Audio, LLC v. Google, Inc.*,
　No. CV 17-1751-CFC-CJB, 2020 WL 58631 (D. Del. Jan. 6, 2020)…………………………8

*Pers. Audio, LLC v. Google LLC*,
　No. CV 17-1751-CFC-CJB, 2019 WL 211532 (D. Del. Jan. 16, 2019)………………………8

*Phillips v. AWH Corp.*,
　415 F.3d 1303 (Fed. Cir. 2005)……………………………………………………………… 2, 3

*Rates Tech. Inc. v. Broadvox Holding Co., LLC*,
　15 F. Supp. 3d 307 (S.D.N.Y. 2014)…………………………………………………………….6

*Renishaw PLC v. Marposs Societa' per Azioni*,
　158 F.3d 1243 (Fed. Cir. 1998)………………………………………………………………… 2

*Thorner v. Sony Computer Entm't Am. LLC*,
　669 F.3d 1362 (Fed. Cir. 2012)………………………………………………………………… 3

*Traxcell Techs., LLC v. Nokia Sols. & Networks Oy*,
　15 F.4th 1136 (Fed. Cir. 2021)…………………………………………………………………. 7

*Viatech Techs., Inc. v. Microsoft Corp.*,
　No. CV 14-1226-RGA, 2016 WL 3398025 (D. Del. June 14, 2016)………………………8, 9

*Viatech Techs., Inc. v. Microsoft Corp.*,
　733 F. App'x 542 (Fed. Cir. 2018)……………………………………….……………………8

*Wi-Lan, Inc. v. Apple, Inc.*,
　811 F.3d 455 (Fed. Cir. 2016)………………………………………………………………3, 6

Pursuant to the Parties' Patent Case Management Plan and Scheduling Order (Dkt. # 15), Plaintiffs CG3 Media, LLC ("CG3") and Corey Griffin ("Griffin") (collectively, "Plaintiffs") hereby respond to the Opening Claim Construction Brief of Belleau Technologies, LLC ("Belleau")'s Opening Claim Construction Brief (Dkt. # 26). As set forth below, Plaintiffs respectfully request that the Court follow their proposed constructions and reject Belleau's proposals. In order to narrow the issues for the Court, Plaintiffs have chosen to limit their focus on three claim terms.

## I.  THE CLAIMS

Belleau asserts seven claims in this case: claims 1, 2, 4, 6, 9, 10, and 11. All claims at issue in this case are method claims. The only independent claim asserted against Plaintiffs by Belleau is claim 1, which reads as follows:

> 1. A computer-implemented method for dynamically presenting a prewritten text in a graphical user interface comprising:
>
> a) receiving a text artifact, said text artifact containing a plurality of artifact words;
>
> b) storing, via **a processor**, said text artifact in a memory device of a computer;
>
> c) retrieving, via **said processor**, said text artifact;
>
> d) displaying said text artifact on the display screen of said computer;
>
> e) receiving a vocal input;
>
> f) generating, via **said processor**, a text file representing the words spoken in said vocal input, said text file containing a plurality of hypothesis words;
>
> g) comparing, via **said processor**, a predetermined number of said hypothesis words to a predetermined number of said artifact words;
>
> h) determining a match location in said text artifact where a specific number of said predetermined number of hypothesis words match a specific number of said predetermined number of artifact words;

1

    i) altering, via **said processor**, the display on said display screen to display said match location on said display screen of said computer;

    j) determining, via **said processor**, the font size of the text of said text artifact as displayed on said display screen;

    k) determining, via **said processor**, the orientation of the electronic screen displaying the text of the text artifact;

    l) altering, via **said processor**, said predetermined number of artifact words utilized for comparing to said predetermined number of hypothesis words.

(emphasis added)

Though not required to do so, the inventors of the '646 patent elected to link the "processor" component used throughout many of the clauses of claim 1 to the initial "a processor" reference in clause (b) through the use of the definite article "said." Belleau attempts to use the specification to broaden its property rights beyond what was granted to Belleau by the USPTO. But the claims define the scope of Belleau's patent rights—not Belleau's attorney's argument or unclaimed disclosures in the specification. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998).

## II.    CLAIM CONSTRUCTION LEGAL STANDARDS

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). "The claim construction inquiry ... begins and ends in all cases with the actual words of the claim." *Renishaw PLC*, 158 F.3d at 1248; *Immunex Corp. v. Sanofi-Aventis U.S. LLC*, 977 F.3d 1212, 1218 (Fed. Cir. 2020). "[I]n all aspects of claim construction, 'the name of the game is the claim.'" *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298 (Fed. Cir. 2014) (quoting *In re Hiniker Co.*, 150 F.3d 1362, 1369 (Fed. Cir. 1998)).

To determine the meaning of the claims, courts start by considering the intrinsic evidence. *Phillips*, 415 F.3d at 1313; *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004); *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Grp., Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001). The intrinsic evidence includes the claims themselves, the specification, and the prosecution history. *Phillips*, 415 F.3d at 1314; *C.R. Bard, Inc.*, 388 F.3d at 861. The general rule is that each claim term is construed according to its ordinary and accustomed meaning as understood by one of ordinary skill in the art at the time of the invention in the context of the patent. *Phillips*, 415 F.3d at 1312-13; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.") (vacated on other grounds) (emphasis added).

There are "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning: "1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1365 (Fed. Cir. 2014) (quoting *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012)); *see also Thorner*, 669 F.3d at 1365 ("[T]he specification and prosecution history only compel departure from the plain meaning in two instances: lexicography and disavowal.").

Claims must be "read in accordance with precepts of English grammar." *See In re Hyatt,* 708 F.2d 712, 714 (Fed. Cir. 1983). It is a basic principle of patent law that the use of the definite articles "the" or "said" in a claim refers back to the same term recited earlier in the claim. *Wi-Lan,*

*Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016); *Hytera Commc'ns Co. v. Motorola Sols., Inc.,* 840 F. App'x 555, 559 (Fed. Cir. 2021).

### III.   DISPUTED TERMS

#### A.   "a processor"

| Plaintiff's Proposed Construction | Belleau's Proposed Construction |
|---|---|
| Plain and ordinary meaning | "one or more computing devices, used either alone or in combination, where the computing devices include, without limitation, processors, microprocessors, general purpose processors, conventional processors, digital signal processors, controllers, microcontrollers, or state machines." |

Plaintiffs assert that no construction is necessary and one of ordinary skill in the art at the time of the invention would understand the ordinary and customary meaning of these terms when read in the context of the claims, specification, and prosecution history of the '646 Patent. The two exceptions to the general rule that claims are construed according to their plain and ordinary meaning – when a patentee sets out a definition and acts as his own lexicographer or when a patentee disavows the full scope of the claim term – are not present here. *Golden Bridge Tech., Inc.*, 758 F.3d at 1365. Belleau's attempt to deviate from the ordinary and customary meaning of these terms and phrases falls short of the presumption laid out by the Federal Circuit. *Advanced Media Networks, LLC v. AT&T Mobility LLC*, 748 F. App'x 308, 311 (Fed. Cir. 2018) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."); *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002).

It is well settled law that the plain and ordinary meaning of "a processor" is one or more processors. Indeed, the Federal Circuit has repeatedly emphasized that an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313,

4

1321 (Fed. Cir. 2016). Plaintiffs' proposal that this claim term does not require construction is consistent with this basic principle. The term "a processor" is a basic term that is readily understood by a person of ordinary skill in the art and Belleau's construction will only confuse a jury and may potentially complicate the parties' true dispute involving the claimed processor(s), addressed below. Plaintiffs submit that no construction is necessary and the term should be given its plain and ordinary meaning.

> **B.** **"storing, via a processor...retrieving, via said processor... generating, via said processor...comparing, via said processor...altering, via said processor ... determining, via said processor...determining, via said processor...altering, via said processor"**

| Plaintiff's Proposed Construction | Belleau's Proposed Construction |
|---|---|
| One or more processors, at least one of which must implement the "storing"; "retrieving"; "generating"; "comparing"; "altering"; | Plain and ordinary meaning |

Belleau mischaracterizes the dispute between the parties. It is well settled law that "a" means one or more and contrary to Belleau's argument, Plaintiffs do not argue that the claimed invention must be limited to a single processor. Further, the claimed functions at issue here ("storing"; "retrieving"; "generating"; "comparing"; "altering") require no construction and should be given their plain and ordinary meaning. Rather, the parties' dispute centers around the implication of the grammatical use of the definite article "said" in clauses (c), (f), (g), (i), (j), (k), and (l) of claim 1. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute").

Consistent with the Federal Circuit and this Court's precedent, Plaintiffs assert that the definite article "said" has meaning in the asserted claims and tethers the claimed functions ("storing, via **said processor**"; "retrieving, via **said processor**"; "generating, via **said processor**";

5

"comparing, via **said processor**"; "altering, via **said processor**") to the initial antecedent phrase "a processor" through the use of the term "said processor" and as a result, there must be at least one processor (i.e. the antecedent "a processor") that performs all of these functions. *Wi-Lan, Inc.*, 811 F.3d at 462 (explaining that "[s]ubsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim"); *Hytera Commc'ns Co.*, 840 F. App'x at 559. In contrast, Belleau effectively argues that there is no difference or relationship between "a processor" and "said processor" and that either of these terms "carry with them the possibility of a pluralistic configuration among multiple computers." Belleau also attempts to improperly broaden the scope of claim 1 through relying on the specification. Belleau's position ignores well settled patent claim construction and grammar principles and should be rejected. *Wi-Lan, Inc.*, 811 F.3d at 462; *Apple Inc*., 757 F.3d at 1298 (Fed. Cir. 2014) ("[I]n all aspects of claim construction, 'the name of the game is the claim'").

*Rates v. Broadvox* addresses this precise issue. There, the claim at issue—which related to phone network technology—disclosed "connecting at a predetermined time and date **via a data transfer line** the call rating device to a rate provider" and in a separate clause "transmitting over **the data transfer line** indicia identifying the call rating device…" *Rates Tech. Inc. v. Broadvox Holding Co., LLC*, 15 F. Supp. 3d 307, 332–33 (S.D.N.Y. 2014) (Scheindlin, J.) (emphasis added). This Court confirmed that definite articles "a," "an," or "the" mean one or more, and addressed the debate over whether "the data transfer line" refers to the same "a data transfer line" disclosed in an earlier clause. *Id*. Relying on Federal Circuit precedent, this Court noted that "each use of the phrase 'the data transfer line' **still refers to the antecedent phrase**" … and construed the phrase at issue to require information be transmitted "over the same wire or wires" disclosed in the first instance. *Id*.

Similarly, the Federal Circuit recently addressed this issue in *Traxcell v. Nokia*. The claim language at issue in *Traxcell* recited "'a computer ... programmed to' perform a function, 'wherein the computer further' performs additional functions." *Traxcell Techs., LLC v. Nokia Sols. & Networks Oy*, 15 F.4th 1136, 1143 (Fed. Cir. 2021). The Federal Circuit addressed whether the "a computer" recited in the first instance must be tied to all the functions later recited and attributed to "the computer." *Id*. In holding that the plain language of the claim demanded such a construction, the Court explained that "it would make little sense—**indeed, it would defy the concept of antecedent basis—for the claims to recite "the computer" or "said first computer" being "further" programmed to do a second set of tasks if a different computer were to do those tasks instead.**" *Id*. (emphasis added); *see also Creative Internet Advert. Corp. v. Yahoo!, Inc.*, 476 F. App'x 724, 728 (Fed. Cir. 2011) (holding that though "'an end user communication message,' is broad enough to cover multiple messages, each use of the phrase "said end user communication message" still refers to the antecedent phrase" and **a construction to the contrary would "render the word 'said' a nullity"**) (emphasis added).

Here, clause (b) of claim 1 recites "storing, via **a processor**" and clauses (c), (f), (g), (i), (j), (k), and (l) all refer back to the processor (i.e., one or more processors) of clause (b) by invoking the language "via **said** processor." Claim 1 of the '646 patent expressly uses the definite article "said" to refer back to the antecedent phrase "a processor." Had claim 1 of the '646 patent instead disclosed "via *a* processor" in each of the clauses (c), (f), (g), (i), (j), (k), and (l), there would not be a requirement there be at least one processor that implements all the functionality disclosed in these clauses because the subsequent processors would not be tied to the initial "a processor." But "said" has meaning and the '646 patent inventors chose to draft claim 1 as they did. *Creative*

7

*Internet Advert. Corp.*, 476 F. App'x at 728 (explaining that ignoring the implication of the antecedent phrase would render "the word 'said' a nullity").

### C.     "text file"

| Plaintiff's Proposed Construction | Belleau's Proposed Construction |
|---|---|
| "a collection of data that is treated as a unit by a file system" | Plain and ordinary meaning |

Belleau attempts to depart from the plain and ordinary meaning of the term "text file." Belleau argues that a text file is not required to be arranged in a unit that is processed by a "file system." Although Belleau argues that the term "text file" should be given its plain and ordinary meaning, it essentially argues that a text file does not need to be a file. Courts have previously addressed the plain and ordinary meaning of the term "file." In *Viatech Techs., Inc. v. Microsoft Corp.* the parties disagreed over the scope of the claim term "file" and whether the plain and ordinary meaning of "file" was limited to an individual named entity in a file system or a general set of information on a computer. *Viatech Techs., Inc. v. Microsoft Corp.*, No. CV 14-1226-RGA, 2016 WL 3398025, at *6 (D. Del. June 14, 2016), *modified in part*, 733 F. App'x 542 (Fed. Cir. 2018). After considering the claims, specification, and dictionary definitions, the court held that the plain and ordinary mean "file" is "a collection of data that is treated as a **unit by a file system**." *Id*. (emphasis added).

Similar terms have also been construed by the courts. *See, e.g.*, Intell. Ventures I LLC v. Check Point Software Techs. Ltd., No. CIV.A. 10-1067-LPS, 2012 WL 6200337, at *4 (D. Del. Dec. 12, 2012) (construing "data file" to mean "a collection of any type of text or binary data that retains cohesion when presented to a user"); *Pers. Audio, LLC v. Google LLC*, No. CV 17-1751-CFC-CJB, 2019 WL 211532, at *8 (D. Del. Jan. 16, 2019), *report and recommendation adopted in part, rejected in part sub nom. Pers. Audio, LLC v. Google, Inc.*, No. CV 17-1751-CFC-CJB,

8

2020 WL 58631 (D. Del. Jan. 6, 2020) (term "file" be construed as "a collection of data that is stored and manipulated as a named unit by a file-management or database system").

Plaintiffs propose that the term "text file" maintain its ordinary and customary meaning as "a collection of data that is treated as a unit by a file system."  *See*, *Viatech Techs.*, 2016 WL 3398025, at *6.  This is also consistent with the findings of other courts that have addressed this issue and contrary to Belleau's proposed construction of "text file."  Relevant dictionary definitions also support Plaintiffs' understanding of the plain and ordinary meaning of "text file."

Microsoft Press Computer Dictionary (3d ed.) defines "file" as:

> A complete, named collection of information, such as a program, a set of data used by a program, or a user-created document. A file is the basic unit of storage that enables a computer to distinguish one set of information from another. A file is the "glue" that binds a conglomeration of instructions, numbers, words, or images into a coherent unit that a user can retrieve, change, delete, save or send to an output device.

Techopedia.com defines "file" as:

> A container in a computer system for storing information. Files used in computers are similar in features to that of paper documents used in library and office files. There are different types of files such as text files, data files, directory files, binary and graphic files, and these different types of files store different types of information. In a computer operating system, files can be stored on optical drives, hard drives or other types of storage devices.
>
> (https://www.techopedia.com/definition/7199/file)

Merriam Webster dictionary defines "file" as:

> A complete collection of data (such as text or a program) treated by a computer as a unit especially for purposes of input and output
>
> (https://www.merriam-webster.com/dictionary/file?utm_campaign=sd&utm_medium=serp&utm_source=jsonld)

Plaintiffs ask that the Court reject Belleau's proposal and that the term "text file" maintain its ordinary and customary meaning as "a collection of data that is treated as a unit by a file system."

## IV.  CONCLUSION

For all the reasons given above, Plaintiffs respectfully request that the Court construe the disputed claim terms as discussed herein.

Date: March 23, 2022                                              Respectfully Submitted,

/s/ Dariush Keyhani
Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically filed the foregoing document via CM/ECF.  I certify that the foregoing document is being served to all counsel of record via ECF.

/s/ Dariush Keyhani
Dariush Keyhani