

5 Penn Plaza, 19th Floor, New York New York  10001

DIRECT LINE (646) 502-5957
etai@radip.com

**VIA ECF**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *CG3 Media, LLC and Corey Griffin* v. *Belleau Technologies, LLC,* Civil Case No. 1:21-cv-04607-MKV

Dear Judge Vyskocil:

    Pursuant to Rule 3.D of your honor's Individual Rules of Practice, Defendant Belleau Technologies, LLC ("Belleau") and Plaintiffs CG3 Media, LLC and Corey Griffin ("CG3"), provide the attached letter regarding a discovery dispute between the parties. The parties have met and conferred on the issues below and have been unable to reach resolution.

    **A.  Belleau's Position**

    Belleau respectfully requests that the Court order CG3 to provide complete responses to Belleau's non-contention interrogatories (1, 4, 5, 6, 7, 9, 10, and 11) and commit to a date for responses to Belleau's contention interrogatories (2 and 3)

        **1.  CG3's Failure to Respond to Belleau's Interrogatories**

    On August 5, 2021 Belleau served CG3 with Interrogatories seeking standard and uncontroversial information about the case. Ex. 1. On September 7, 2021 CG3 served its responses and provided virtually no substantive responses to the vast majority of Interrogatories. Ex. 2. CG3 objected that because the parties were at the "outset" of discovery it was not obligated under Local Rule 33.3 to provide any substantive interrogatory responses. *Id.* Now that discovery has continued for nearly seven months CG3 has not supplemented its responses to CG3's interrogatories to provide any additional responsive information other than identification of certain persons, and continues to maintain that it need not do so. Exs. 3, 4.

    Each of Interrogatories 1, 4, 5, 6, 7, 9, 10, and 11 seek information that cannot be fully discerned by documents or testimony, particularly as CG3 has produced documents in disassociated form with no indication of their completeness or applicability to any given topic or even the party producing the documents.[1] While CG3 has represented that

---

[1] CG3's counsel has included documents produced by third parties in "CG3's" production without identifying which party produced them and has to this date not identified which parties produced the documents.

P: 646-502-5950    F: 646-502-5959    W: radip.com

it has not withheld any documents, Belleau has no idea whether the production is complete or represents the responsive information sought by Belleau's interrogatories. For example, CG3's document production is missing wide categories of documents, including virtually no documents from before mid-2020 and very few emails.[2] Additionally, much of the information sought may not be memorialized in documents (or at least those produced to date by CG3).

Interrogatories 1 and 10 seek information about the original and subsequent development of CG3's accused product and its operation. While CG3 has produced documents related to this issue Belleau has no way of knowing if these documents are complete or if there is narrative information not contained in documents.

Interrogatories 4, 6, and 11 seek financial information regarding costs and revenues generated by the accused products, the assets and liabilities held by each plaintiff and transfers between each of the two plaintiffs. Because Belleau has asserted that Defendant CG3 Media, LLC is the alter ego of Corey Griffin (Dkt. 9 at ¶¶4-18), it is essential that Belleau have a complete understanding of revenues from the accused product, all assets held by each party, and all transfers between them. While CG3 has produced some financial records, Belleau has no idea if they are complete or comprehensive. A verified interrogatory response would allow Belleau to have the necessary and complete picture. Interrogatories 5 (first awareness of the asserted patent), 7 (efforts to avoid infringement), and 9 (CG3's awareness and use of Belleau's patented product) all seek information that may not be memorialized in documents or at least not those produced by CG3.

Nor can Belleau reasonably ask CG3 for its entire financial history or for all of the operation of its accused products during a deposition. Thus, interrogatories are the most efficient format for this form of discovery.

Accordingly, Belleau respectfully requests that the Court overrule CG3's objections and require it to provide complete answers to Interrogatories 1, 4, 5, 6, 7, 9, 10, and 11.[3] Belleau also respectfully requests that the Court compel CG3 to identify a date certain by which it will respond to interrogatories 2 and 3, which seek CG3's non-infringement and invalidity contentions.

**B. CG3 Media, LLC and Corey Griffin's Position**

---

[2] Per footnote 1, CG3 has not identified which parties produced documents in its production, so Belleau is working from its best assumptions as to which documents were produced by CG3.

[3] See Tyson v. King, 98-CV-1628, 1998 WL 823667 at *1 (S.D.N.Y. November 25, 1998) (requiring substantive answers to post-commencement interrogatories three months after the scheduling order).

Plaintiffs respectfully request that the Court deny Belleau's request because Belleau's interrogatories are improper and made in violation of Local Rule 33.3.[4]

**1. All of the interrogatories served by Belleau at the onset of this case other than those within the scope of Local Rule 33.3 (a) were improper.**

Local Rule 33.3 (a) provides that "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents…" Local Rule 33.3 (a); *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.,* No. 18CIV8999RASLC, 2020 WL 7695712, at *3 (S.D.N.Y. Dec. 28, 2020). Further, during discovery, interrogatories seeking information beyond these topics may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court. Local Rule 33.3 (b); *Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2021 WL 4124661, at *2 (S.D.N.Y. Sept. 9, 2021); *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.,* 2020 WL 7695712, at *3 (S.D.N.Y. Dec. 28, 2020).

At the onset of this case, Belleau served interrogatories that substantially contravened Rule 33.3 (a) and where Belleau did request information in accordance with Rule 33.3 (a), Plaintiffs have already provided such information. Aside from Belleau's improper interrogatories served on August 5, 2021, Belleau has not served any additional interrogatory requests on Plaintiffs. As Belleau's interrogatory requests violate Rule 33.3, Belleau's requested relief should be denied.

**2. Even if the interrogatories at issue were properly served during discovery, they remain improper under Local Rule 33.3 (b).**

This Court interprets Local Rule 33 such that interrogatories are not to be used as a substitute for deposition testimony and a party must show a good faith basis why they could not obtain the information request by deposition before they can justify obtaining the information by interrogatory. *See O'Brien v. Lane Bryant, Inc.*, 1987 WL 6914, at *2 (S.D.N.Y. Feb. 11, 1987) (holding that a plaintiff seeking to proceed by interrogatory must show a "good faith basis" for using interrogatories rather than depositions); *Fishon,* 2021 WL 4124661, at *2.

---

[4] Belleau's characterization of Plaintiffs' document production is without merit. Plaintiffs have produced all relevant documents as they are maintained in their ordinary course of business and Plaintiffs' counsel also represents the subpoenaed third-party witnesses. To the extent a very limited number of pages of documents were provided by these third-party witnesses to Plaintiffs' counsel they have been produced and Plaintiffs' counsel has advised Belleau that those documents will be identified by Bates number.

The parties are presently in the middle of document discovery at this time. Belleau has not yet taken any depositions in this case has not served notices of depositions on either Corey Griffin or a corporate representative of CG3 Media and Belleau has not—and cannot—indicate any good faith basis for using interrogatories rather than depositions to obtain the information it seeks.

Additionally, Belleau's interrogatories 1, 4, 5, 7, 9, 10, and 11 require detailed narrative responses that can be more readily obtained through a combination deposition testimony and document production pursuant to Rule 33.3 (b). *See*, *Pratt v. Atalian Glob. Servs. Inc.*, No. 20 CIV. 3710 (PAE), 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021) (explaining that "such response [to this interrogatory] would involve potentially 'long narrative explanations' that, in the Court's view, would be more practically discoverable through…deposition testimony).

Furthermore, though not required to do so, with respect to Belleau's interrogatories 1, 4, and 11, subject to their general and specific objections provided in their Responses and Supplemental Responses to Defendant's Interrogatories, Plaintiffs has agreed to supplement their responses with Bates numbers to assist with any depositions Belleau may take. With respect to interrogatory 6, as already objected to, Plaintiffs' assets and liabilities are not relevant to Belleau's claims in this case and are merely an inappropriate fishing expedition. Belleau's interrogatories 2 and 3 are improper for the reasons noted above and also are not properly the subject of fact discovery. The topics raised are the subject expert discovery and will be addressed in Plaintiffs' expert reports.

Belleau's attempt to use interrogatories in an improper manner offends the Local Rules and disproportionately puts the burden of discovery on Plaintiffs. As the Local Rules dictate, Belleau should obtain the information it seeks through deposition. Accordingly, Plaintiffs respectfully that the Court deny Belleau sought relief.

Dated: April 1, 2022
*s/ Etai Lahav*
Etai Lahav
Bryon Wasserman (*pro hac vice* pending)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, NY 10001
646-502-5950
etai@radip.com
bryon@radip.com

***Attorneys for Defendant/Counter-Plaintiff
Belleau Technologies LLC***


/s/ *Dariush Keyhani*



Page 5

Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
***Attorneys for Plaintiffs***