```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CG3 MEDIA, LLC, and COREY GRIFFIN,

                Plaintiffs,

-against-

BELLEAU TECHNOLOGIES, LLC,

                Defendant.

1:21-cv-04607-MKV

ORDER RE: DISCOVERY DISPUTE

MARY KAY VYSKOCIL, United States District Judge:

The Court has received a joint letter from Defendant Belleau Technologies, LLC and Plaintiff CG3 Media, LLC concerning discovery disputes with respect to CG3's responses to Belleau's interrogatories. (Jt. Ltr. [ECF No. 29]). On August 5, 2021 Belleau served CG3 with Defendant's First Set of Interrogatories. (Jt. Ltr. Ex. 1). CG3 served its responses and objected that because the parties were at the "outset" of discovery it was not obligated under Local Rule 33.3 to provide any substantive interrogatory responses. (Jt. Ltr. Ex. 2). Belleau now asks the Court to overrule CG3's objections as to non-contention Interrogatories 1, 4, 5, 6, 7, 9, 10, and 11 and to compel CG3 to provide complete answers as to those Interrogatories. (Jt. Ltr. at 2). Belleau also asks the Court to compel CG3 to identify a date by which it will respond to contention Interrogatories 2 and 3. (Jt. Ltr. at 2). For the reasons below, Belleau's requests are denied.

## DISCUSSION

Local Rule 33.3(a) states that "[u]nless otherwise ordered by the Court" at the commencement of discovery, interrogatories are limited to those seeking identifying information regarding potential witnesses, document custodians, damages, insurance policies, etc. This Rule reflects a preference for other forms of discovery, such as depositions and document requests. *In*

1

*re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories."). Among the reasons for this preference is "the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes." *Id.* (citation omitted). Nonetheless, Local Rule 33.3(b) permits interrogatories beyond what is provided in Rule 33.3(a) if "they are a more practical method of obtaining the information sought than a request for production or a deposition." *Ohanian et al. v. Apple. Additional Party Names: Regge Lopez*, No. 1:20-CV-05162-LGS, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022).

Belleau has not shown that Interrogatories are a more efficient means of seeking the information it requests than a deposition or document request. Interrogatories 1 and 10 seek information about the original and subsequent development of CG3's accused product and its operation. (Jt. Ltr. Ex. 1, Interrogatory Nos. 1, 10). Belleau represents that CG3 has produced documents related to this issue, but that Belleau has no way of knowing if these documents are complete or if there is narrative information not contained in the documents. (Jt. Ltr. at 2). However, Belleau can more efficiently obtain answers to these questions by deposing a 30(b)(6) witness. *See Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2021 WL 4124661, at *2 (S.D.N.Y. Sept. 9, 2021) ("Local Civil Rule 33.3(b) would have permitted Plaintiffs to serve . . . interrogatories seeking information other than that covered by Local Civil Rule 33.3(a) if they could make a showing that interrogatories were more efficient than, for example, a deposition."). A response to interrogatories 1 and 10 would "involve potentially 'long narrative explanations' that . . . would be more practically discoverable through . . . deposition testimony."

*Pratt v. Atalian Glob. Servs. Inc.*, No. 20 CIV. 3710 (PAE), 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021) (quoting *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013)). Should Belleau determine during depositions that CG3's production is not complete, it can then seek further documents or information and/or redress from the Court. Accordingly, the Court denies Belleau's request for the Court to overrule CG3's objections as to Interrogatories 1 and 10.

Interrogatories 5, 7, and 9 seek information regarding CG3's awareness of Belleau's patented product and efforts to avoid infringement. (Jt. Ltr. Ex. 1, Interrogatory Nos. 5, 7, 9). However, again, these inquiries would be better suited for a deposition where Belleau could follow-up on any responses and avoid "receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 69 n.2 (citation omitted). Accordingly, the Court denies Belleau's request for the Court to overrule CG3's objections as to Interrogatories 5, 7, and 9.

Interrogatories 4, 6, and 11 seek financial information regarding costs and revenues generated by the allegedly infringing products, the assets and liabilities held by each plaintiff and transfers between the two plaintiffs. (Jt. Ltr. Ex. 1, Interrogatory Nos. 4, 6, 11). Belleau contends that "CG3 has produced some financial records, [but that] Belleau has no idea if they are complete or comprehensive." (Jt. Ltr. at 2). It asserts that a response to these Interrogatories "would allow Belleau to have the necessary and complete picture." (Jt. Ltr. at 2). But Belleau concedes that CG3 has produced financial records. (*See* Jt. Ltr. at 2). Moreover, CG3 represents that it will supplement its responses with Bates numbers to assist with any depositions Belleau may take. (*See* Jt. Ltr. at 4). Should Belleau determine during depositions that the financial records it has received are incomplete, it can then seek further documents or information and/or

redress from the Court.  Accordingly, the Court denies Belleau's request for the Court to overrule CG3's objections as to Interrogatories 4, 6, and 11.

Contention Interrogatories 2 and 3 seek CG3's noninfringement and invalidity contentions.  (Jt. Ltr. Ex. 1, Interrogatory Nos. 2, 3).  Belleau requests that the Court compel CG3 to identify a date by which it will respond to the contention Interrogatories.  (Jt. Ltr. at 2). Contention interrogatories are generally made after substantial discovery has occurred.  *See*, *e.g.*, *Regeneron Pharms., Inc. v. Merus B.V.*, No. 14 CIV. 1650 KBF, 2014 WL 2447600, at *2 (S.D.N.Y. May 29, 2014); *Erchonia Corp. v. Bissoon*, No. 07 CIV. 8696 DLC, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011), *aff'd*, 458 F. App'x 58 (2d Cir. 2012).  Contention Interrogatories are specifically "designed to assist parties in narrowing and clarifying the disputed issues" in advance of summary judgment practice or trial.  *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 157 (S.D.N.Y.2007) (citation omitted).  Rule 33.3(c) reflects this view, as it calls for contention interrogatories to be served only at the end of other fact discovery.  The timing Rule 33.3(c) recommends — that contention interrogatories be served at least thirty days before the end of discovery but after other discovery has been completed — anticipates that in the normal course, responses to contention interrogatories will be due at the very end of the fact discovery period.  *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.").  "Therefore, the Local Rules do not anticipate that parties will use contention interrogatories to develop new information or provide notice of claims that could be followed by new rounds of other discovery." *Erchonia Corp.*, 2011 WL 3904600, at *8.  The parties are still in the early stages of fact discovery.  No depositions have yet to occur nor has

there been any expert discovery. Accordingly, it would be premature to require CG3 to set a date by which it will respond to Contention Interrogatories 2 and 3.

## **CONCLUSION**

Belleau's request that the Court overrule CG3's objections as to non-contention Interrogatories 1, 4, 5, 6, 7, 9, 10, and 11 and to compel CG3 to provide complete answers as to those Interrogatories is DENIED. Belleau's request that the Court compel CG3 to identify a date by which it will respond to contention Interrogatories 2 and 3 is DENIED.

**SO ORDERED**

Dated:  New York, New York
       April 20, 2022

_____
MARY KAY VYSKOCIL
United States District Judge