

5 Penn Plaza, 19th Floor, New York, NY 10001

Etai Lahav
DIRECT LINE (646) 502-5957
Etai@radip.com

November 14, 2022

*VIA ECF*

**The Honorable Mary Kay Vyskocil**
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *CG3 Media, LLC and Corey Griffin v. Belleau Technologies, LLC*,
            Case No. 1:21-cv-04607-MKV

Dear Judge Vyskocil:

    Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice in Civil Cases, Defendant / Counter-Plaintiff Belleau Technologies, LLC ("Belleau") moves to seal or redact confidential material in the following: 1) Belleau's Memorandum in Support of its Motion for a Preliminary Injunction; 2) The Declaration of Bryon Wasserman ("Wasserman Declaration"); 3) The Declaration of Expert Jason Frankovitz ("Frankovitz Declaration"); and 4) The Declaration of Jeremy Sadkin ("Sadkin Declaration"), which are filed concurrently under seal with highlights that denote redactions in conformity with the Court's Standing Order 21-mc-00013 and Section 6 of the Court's Electronic Case Filing Rules & Instructions.  For those sealed exhibits for which the entire document is sought to be kept under seal (documents redacted in their entirety), "ENTIRE DOCUMENT FILED UNDER SEAL" has been included in the header sheet of the sealed version.

    These redactions include the following categories of information:

- Information designated by Plaintiffs Cory Griffin and CG3 Media, LLC (collectively" CG3") as Confidential or Highly Confidential-Attorneys Eyes Only under the protective order. This includes marked portions of pages 1, 5, 10-11, 14, 21, and 23 of Belleau's Memorandum, paragraphs 28-33 of the Wasserman Declaration, exhibits 3, 21, and 27-33 to the Wasserman Declaration, and all marked portions of the expert Declaration of Jason Frankovitz.

- Confidential financial information, including Belleau's revenue , its financial activities, and its investments. This includes marked portions of pages 5, 6, 7, 18, 19 and 20 of Belleau's Memorandum and paragraphs 24, 25, and 34-36 of the Sadkin Declaration.

- The identities of Belleau's customers. This includes Exhibit E and Exhibit K to the Sadkin declaration.

- Information about Belleau's internal customer databases. This includes Exhibit F to the Sadkin declaration.

Belleau would suffer competitive harm if this information is disclosed to the public. Belleau is a private company. Its revenues, financial activities, and investments are held confidentially and disclosure of its revenues and other related financial information would cause Belleau and its investors competitive disadvantage. Similarly, disclosure of customer identities would cause Belleau commercial harm.

The Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); see also *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

Belleau's commercial information is the manner of information routinely sealed in this Court *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Johnathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Similarly, Belleau is obligated under this Court's protective order to prevent disclosure of information designated as Confidential and Highly Confidential -Attorneys Eyes Only by CG3. *See* Dkt. 17.

Belleau's proposed redactions are tailored and seek to protect: (a) Belleau's confidential customer and financial information; and (b) testimony and documents produced by CG3 under the Protective Order, which Belleau is obligated to treat confidentially. No less restrictive means exist to prevent disclosure to the public. Belleau, therefore, respectfully requests that the Court grant its motion to seal.

Respectfully submitted,
*/s/ Etai Lahav*
Etai Lahav