# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

———————

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

December 6, 2022

**VIA ECF**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   RE: *CG3 Media, LLC et al v. Belleau Technologies, LLC,* 1:21-cv-04607-MKV*, Motion to File Under Seal*

Dear Judge Vyskocil:

  Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiffs/Counter-Defendants CG3 Media, LLC and Corey Griffin ("Plaintiffs") move to seal or redact confidential material in the following: 1) Plaintiffs' Response in Opposition to Belleau's Motion for a Preliminary Injunction; 2) CG3 Media's Financial Information (Pl. Ex. I); and 3) Deposition Transcript Excerpts from the Deposition of Jeremy Sadkin (Pl. Ex. A) which are filed concurrently under seal with highlights that denote redactions in conformity with the Court's Standing Order 21-mc-00013 and Section 6 of the Court's Electronic Case Filing Rules & Instructions.  For those sealed exhibits for which the entire document is sought to be kept under seal (documents redacted in their entirety), "ENTIRE DOCUMENT FILED UNDER SEAL" has been included in the header sheet of the  sealed version.

  These redactions include the following categories of information:

  1. Information designated by Defendant Belleau Technologies, LLC as Confidential or Highly Confidential-Attorneys Eyes Only under the protective order.  This includes marked portions of pages 2, 5, 8, 17, 19-22 of Plaintiffs' Memorandum and Exhibit A in its entirety.

  2. Confidential financial information, including CG3's revenue.

  CG3 Media would suffer competitive harm if this information is disclosed to the public. CG3 Media is a private company and maintains this information confidentially.  The Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access.  *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth*., Ind.,

347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). This type of information is routinely sealed in this Court *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

With respect to Belleau's information designated as Confidential and Highly Confidential – Attorneys' Eyes Only, Plaintiffs are obligated under this Court's protective order to prevent its disclosure. *See* Dkt. No. 17. Plaintiffs' proposed redactions are tailored and seek to protect: (a) CG3's financial information; and (b) testimony and documents produced by Belleau under the Protective Order, which Plaintiffs are obligated to treat confidentially. No less restrictive means exist to prevent disclosure to the public. Accordingly, Plaintiffs respectfully request that the Court grant their motion to seal.

Respectfully submitted,

*/s/ Dariush Keyhani*
Dariush Keyhani