# PLAINTIFFS' EXHIBIT D

FW: Re: CG3 Media v. Belleau -Correspondence

From: dkeyhani@keyhanillc.com <dkeyhani@keyhanillc.com>
Sent: Sat, Dec 3, 2022 at 2:08 pm
To: Scott Draffin

-----Original Message-----
From: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>
Sent: Friday, March 4, 2022 1:29pm
To: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>
Cc: "Bryon Wasserman" <bryon@radip.com>,
"fstephenson@keyhanillc.com" <fstephenson@keyhanillc.com>,
"aengel@keyhanillc.com" <aengel@keyhanillc.com>, "Etai
Lahav" <etai@radip.com>, "Paralegals" <paras@radip.com>
Subject: Re: CG3 Media v. Belleau -Correspondence

Counsel- Plaintiffs have produced all non-privileged documents
responsive to Defendant's request for documents that have been
located and has made social media accounts public. CG3 has also
produced all source source relating to the CG3's accused system
(nothing has been withheld).

We also wanted to touch base regarding scheduling of
depositions.  Blake Ellison has very limited availability for a
deposition this month because he is beginning a new job.  He can
be available 4 pm Eastern on March 8 or 10th, otherwise we will
need to push back his deposition to April.

Darius

-----Original Message-----
From: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>
Sent: Tuesday, February 15, 2022 9:01am
To: "Bryon Wasserman" <bryon@radip.com>

Cc: "fstephenson@keyhanillc.com"
<fstephenson@keyhanillc.com>, "aengel@keyhanillc.com"
<aengel@keyhanillc.com>, "Etai Lahav" <etai@radip.com>,
"Paralegals" <paras@radip.com>
Subject: Re: CG3 Media v. Belleau -Correspondence

Counsel- We disagree with your characterization of the parties'
meet and confer and Plaintiff's representations. Subject to
Plaintiffs' objections made in their Responses and Objections to
Interrogatories and Requests for Production and Supplemental
Responses and Objections to Requests for Interrogatories,
Plaintiffs are searching for additional documents that are
responsive to Defendant's Requests and will produce non-
privileged documents to the extent they exist by the end of the
month.

Plaintiffs are looking into any additional source code or related
documents and will supplement their production accordingly.
Plaintiffs will not produce customer lists with identifying
information of individual customers or Corey Griffin's personal
bank statements, as these are outside the scope of discovery. With
respect to Belleau's interrogatories, Plaintiff disagrees with
Belleau's position and Plaintiff's responses are in full compliance
with the Court's Local rules.

Per our meet and confer, we understand that Belleau will be
producing all of its relevant financial information by the end of the
month and Plaintiffs reserve their right to assess Belleau's
compliance with its discovery obligations at that time including
with respect to other categories of documents.

Plaintiffs are in compliance with all of their discovery obligations,
there is no issue to raise with the Court. Plaintiff will pursue

attorneys' fees and costs in connection with defending against a
meritless motion should Belleau raise one.


Darius
-----Original Message-----
From: "Bryon Wasserman" <bryon@radip.com>
Sent: Saturday, February 12, 2022 9:37pm
To: "dkeyhani@keyhanillc.com" <dkeyhani@keyhanillc.com>
Cc: "fstephenson@keyhanillc.com"
<fstephenson@keyhanillc.com>, "aengel@keyhanillc.com"
<aengel@keyhanillc.com>, "Etai Lahav" <etai@radip.com>,
"Paralegals" <paras@radip.com>
Subject: Re: CG3 Media v. Belleau -Correspondence

Dear Darius

We write to follow up on Tuesday's call. We have summarized it below.

Requests for Production

During the meet and confer we discussed the documents missing from Plaintiffs' production that are set forth in greater detail in our letter. We find it hard to reconcile the numerous missing categories of documents with your representations that (A) you have performed a nearly complete collection and production (B) are not withholding any responsive non-privileged documents. Indeed, at several points you questioned the relevance of different categories of missing documents such as portions of the source code, email communications, social media postings, and consumer surveys, which suggests to us that you are withholding documents intentionally.

As noted on the call we are willing to forego moving to compel at this time if Plaintiffs adhere to the representations it made during the call. If yet again these representations turn out to be inaccurate, we will proceed with Court intervention.

To wit, we understand that Plaintiffs represent that they will conduct a complete search for all of the outstanding categories of documents other than (A) customer lists containing identifying information for individual customers and (B) Mr. Griffin's personal bank accounts and that Plaintiffs would produce those documents before the end of the month. We also understand that other than for privilege and the two categories above, Plaintiffs will not be withholding any non-privileged documents according to its objections. You stated that you will provide a

written representation that you have performed a complete search for all responsive documents with your production and produced them.

With respect to specific items, you confirmed that you would make Mr. Griffin's previously hidden social media public again and that no contents have been deleted. You represented that you would, to the extent that it has not been produced, produce all source code for the operation of Speakflow that is in Plaintiffs' possession custody or control. You represented that you would produce CG3's bank statements and other financial documents showing all transfers of funds between Plaintiffs. Additionally, you confirmed that the above search would include Mr. Griffin and CG3's emails.

During our call you contended that CG3 has produced itemized cost information. However, we have not been able to identify anything other than single topline cost entry. To the extent that this has been produced, please identify the locations of these documents.

We discussed a potential compromise on category (A), above which we will get back to you on and we reserve the right to move for production of category (B) if the other financial information is not otherwise sufficient.

<u>Interrogatories</u>

CG3's position is it is not obligated to respond to interrogatories other than those seeking categories of documents and witnesses until after depositions have been taken. Belleau does not believe that this position is supported by the rules and has not received any authority from you in support of your position. We believe that this issue is now ripe for Court intervention.

Bryon Wasserman
Radulescu LLP | Of Counsel
646-502-5935 Direct
202-281-0664 Cell
646-502-5950 Main