**SCARPATI INTELLECTUAL PROPERTY, LLC**
JENNIFER N. SCARPATI, OWNER
16 MADISON SQ. WEST
FLOOR 12
NEW YORK, NY 10010
PHONE: (917) 693-6686
EMAIL: JEN@SCARPATI-IP.COM

March 6, 2023

**Via ECF**
The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *CG3 Media, LLC and Corey Griffin v. Belleau Technologies, LLC*, Civil Case No. 1:21-cv-04607-MKV – Narrowed Letter Motion to Seal Motion Documents Associated with Defendant's Reply Memorandum in Support of its Motion for Preliminary Injunction– (ECF No. 54)

Dear Judge Vyskocil:

Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice in Civil Cases, and pursuant to Your Honor's Request made within the Court's Order Denying Preliminary Injunction (ECF No. 65), Defendant/Counter-Plaintiff Belleau Technologies, LLC ("Belleau") submits the following narrowed Letter Motion to redact certain confidential information associated with its Reply Memorandum in Support of its Motion for Preliminary Injunction (ECF No. 54). This narrowed Letter Motion is intended to replace the original sealing requested filed on December 16, 2022 (ECF No. 50). Belleau respectfully moves to redact confidential material in the following: 1) The Declaration of Bryon Wasserman in Support of Belleau Technologies, LLC's Reply in Support of its Motion for Preliminary Injunction ("Wasserman Declaration") (ECF No. 55); and 2) Supplemental Declaration of Jeremy Sadkin in Support of Belleau's Motion for a Preliminary Injunction ("Sadkin Declaration") (ECF No. 56), which are filed concurrently under seal with highlights that denote redactions in conformity with the Court's Standing Order 21-mc-00013 and Section 6 of the Court's Electronic Case Filing Rules & Instructions.

      These redactions include the following information:

- The personal contact information of a former Belleau (PromptSmart) customer found in paragraph 14 of the Sadkin Declaration (ECF No. 56); and

- The specific dollar amount of a certain percentage of the valuation of Defendant Belleau Technologies, LLC, from which the entity's entire value could be easily extrapolated, found on page 54 of Exhibit 40 of the Wasserman Declaration (ECF No. 55).

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
March 6, 2023

Belleau would suffer competitive harm if this information is disclosed to the public. Belleau is a private company. Its revenues are held confidentially and disclosure of its revenues and other related financial information would cause Belleau and its inventors competitive disadvantage. Similarly, disclosure of customer identities would cause Belleau commercial harm.

The Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CIV-2003-PKL, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

Belleau's commercial information is the manner of information routinely sealed in this Court. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Regarding Belleau's request to redact its sensitive and identifying customer information, this Court also routinely permits redaction of "customer information, including their identities and purchases." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 19-CV-010125-ALC, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020); *see also City of Providence, R.I. v. Bats Glob. Mkts.*, 14-CV-2811-JMF, at *3 (S.D.N.Y. Feb. 23, 2022) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.")).

Belleau's proposed redactions are tailored and seek to protect Belleau's confidential customer and financial information in the most pinpointed manner possible. No less restrictive means exist to prevent disclosure to the public. Belleau, therefore, respectfully requests that the Court grant its Motion to Seal. Belleau has conferred with counsel for Plaintiff CG3 Media, LLC regarding these proposed redactions, and Plaintiff has no objection.

Thank you very much for your time and consideration of this matter.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK.]

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
March 6, 2023


Respectfully Submitted,


/s/ *Jennifer N. Scarpati*
Jennifer N. Scarpati
**Scarpati Intellectual Property, LLC**
16 Madison Sq. West
Floor 12
New York, NY 10010